Bradford Lynn **WALKER**, Appellant

v.

The STATE of Texas, Appellee.

No. 05–91–1276–CR.

Court of Appeals of Texas,
Dallas.

Dec. 3, 1992.
Rehearing Denied Jan. 8, 1993.

Kerry P. Fitzgerald, Dallas, for appellant.

Michael J. Sandlin, Asst. Dist. Atty., Dallas, for appellee.

Before BAKER, KINKEADE and BURNETT, JJ.

## OPINION

BAKER, Justice.

The trial court convicted Bradford Lynn Walker of theft of property valued at $750 or more but less than $20,000. The court assessed punishment, enhanced by a prior conviction, at ten years' confinement and a $300 fine. Appellant claims that (1) the trial court did not properly admonish him about deportation matters, and (2) his sentence violates the Texas and United States Constitutions. We overrule his points. We affirm the trial court's judgment.

## FAILURE TO ADMONISH

### A. Facts

In his first point of error, appellant contends that the trial court did not properly

admonish him. He claims the trial court did not admonish him that if he were not a citizen of the United States, he could be deported following his guilty plea. When appellant entered his guilty plea, the trial court orally admonished him about the punishment range for the offense. The record shows that the trial court gave written admonishments, including an admonishment that read:

4. If you are not a citizen of the United States of America, a plea of guilty or nolo contendere before me for the offense charged may result in your deportation, the exclusion from admission to this country, or a denial of naturalization under Federal law.

The judge signed the admonishments. Below the judge's signature is the following:

### ACKNOWLEDGMENT

I have read the above and foregoing admonitions by the Court regarding my rights. I understand the admonitions, and I understand and am aware of the consequences of my plea. Furthermore, my lawyer has explained to me all of the admonitions given by the Court in this document.

Both appellant and his counsel signed the acknowledgement.[1]

### B. Jurisdiction to Review Point

■ The State claims that we should dismiss appellant's point because appellant's notice of appeal does not comply with rule 40(b)(1) of the Rules of Appellate Procedure. *See* TEX.R.APP.P. 40(b)(1). Appellant entered his guilty plea under a plea bargain agreement. His notice of appeal (titled "Pleadings on Appeal") does not recite that the trial judge gave permission to appeal the issue of the validity of the plea. However, this Court recently held that a defendant may raise the voluntariness of a plea at any time, notwithstanding the form of the notice of appeal. *See Soto v. State,*

837 S.W.2d 401, 404 (Tex.App.—Dallas 1992, no pet.).

■ The purpose of article 26.13 of the Texas Code of Criminal Procedure is to insure that an accused enteres only a constitutionally valid plea. *Meyers v. State,* 623 S.W.2d 397, 402 (Tex.Crim.App. [Panel Op.] 1981). A guilty plea passes constitutional muster when it is both voluntarily and intelligently made. *Brady v. United States,* 397 U.S. 742, 747, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970). Our opinion in *Soto* spoke only to the voluntariness issue. Since article 26.13 is a statutory means of insuring that a plea be both voluntary *and* knowing, we see no reason that the rule in *Soto* should not apply to our power to review the validity of a plea, whether or not it has an impact on voluntariness.

We now hold that we have jurisdiction to review any alleged error that affects the validity of a guilty plea, whether or not it implicates voluntariness. The requirements of rule 40(b)(1) are predicated on the entry of a valid guilty plea. If appellant wishes to challenge the validity of the guilty plea in any respect, this is an issue this Court can review. We reject the State's argument that we do not have jurisdiction to review this point.

### C. Analysis of Appellant's Point

■ That does not mean, however, that we agree with appellant's claim. Article 26.13 of the Code of Criminal Procedure expressly allows written admonishments. TEX.CODE CRIM.PROC.ANN. art. 26.13(d) (Vernon Supp.1992). In the present cause, the trial court gave the written admonishments. Appellant claims that these are not sufficient because no one mentioned them at trial. We perceive no significance in the failure to mention the admonishments when appellant entered his plea. We presume regularity of proceedings. *See Ex parte Guzman,* 589 S.W.2d 461, 464 (Tex. Crim.App.1979). Because of the presumption of regularity, we cannot conclude that the trial court did not give these admonish-

---

1. Appellant signed his name "Bradford Walker." His name was printed as "Bradley Lee Williams." From the record, it appears that appellant was known by both names.

ments before appellant entered his plea. We overrule appellant's first point of error.

## UNCONSTITUTIONAL FINE

### A. Facts

In his second point of error, appellant claims that the $300 fine assessed in addition to his jail sentence violates the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and the equal protection clause of the Fourteenth Amendment to the United States Constitution as well as Article I, Sections 3 and 19 of the Texas Constitution. The trial court sentenced appellant to ten years in prison and assessed a $300 fine. There is no indication that appellant has already served his jail time and is now confined solely because of his fine.

### B. The Law and its Application

This Court recently held the equal protection clause of the Fourteenth Amendment to the United States Constitution prohibits imprisonment of an indigent person for failure to *immediately* pay a fine. *Shafer v. State*, 842 S.W.2d 734, 736 (Tex. App.—Dallas 1992, no pet. hist.); *see Tate v. Short*, 401 U.S. 395, 398, 91 S.Ct. 668, 670, 28 L.Ed.2d 130 (1971). As in *Shafer*, appellant has not shown that he has completed his term of imprisonment. The punishment the trial court imposed in this case was within the statutorily authorized range for the offense appellant committed. *See* TEX.PENAL CODE ANN. § 12.33 (Vernon 1974). The trial court pronounced sentence on August 15, 1991. Walker has not shown that his term of confinement is over and that he is still confined because he did not pay his fine. *Contrast*, 401 U.S. 395, 91 S.Ct. 668; *Doe v. Angelina County, Tex.*, 733 F.Supp. 245, 252 (E.D.Tex.1990); *Cf. Thompson v. State*, 557 S.W.2d 521, 525 (Tex.Crim.App.1977). As long as the fine is not the cause of appellant's *confinement*, we decline to determine whether Walker's confinement for a fine violates the due process and equal protection clauses of the State and Federal Constitutions as well as Article I, Sections 3 and 19 of

the Texas Constitution. We overrule Walker's point of error.

We affirm the trial court's judgment.