**Edmundo Barraza DELGADO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–94–00039–CR.**

Court of Appeals of Texas,
El Paso.

Dec. 29, 1994.

Gary Hill, El Paso, for appellant.

Jaime E. Esparza, Dist. Atty., El Paso, for State.

Before BARAJAS, C.J., and KOEHLER and LARSEN, JJ.

## OPINION

KOEHLER, Justice.

Edmundo Barraza Delgado, Appellant, pursuant to a plea agreement, pled guilty to aggravated sexual assault. The trial court assessed punishment in accordance with the plea agreement at 20 years' imprisonment, the sentence to run concurrently with a similar sentence for a similar offense in cause no. 08–94–00040–CR, trial court no. 57137–34. Appellant appeals his conviction in both cases on one point of error: that his guilty plea was involuntary because the trial court improperly advised him as to his eligibility for parole. We affirm the judgment of conviction.

### RELEVANT FACTS

On December 6, 1993, Appellant appeared before the trial court and entered his plea of guilty to two separate indictments charging him with aggravated sexual assault.[1] A plea

---

1. The two count indictment in this cause charged him in the first count with aggravated kidnapping and in the second count with aggravated sexual assault. As part of the plea bargain, Appellant pled guilty to the aggravated sexual assault count and the State on its motion had the

agreement was reached between Appellant and the State in which Appellant upon his plea of guilty would receive two concurrent sentences of 20 years. The appropriate plea papers were signed and entered into evidence. After making appropriate inquiries concerning Appellant's competency and his understanding of the charges against him and of the plea bargain and the voluntariness of his plea, the court found that he was competent and that his pleas of guilty to the two charges were being freely and voluntarily made. Prior to accepting his pleas, the court also admonished on the range of punishment and other matters required by TEX. CODE CRIM.PROC.ANN. art. 26.13 (Vernon 1989). The court then heard evidence as to the two offenses and found Appellant guilty of both offenses.

On January 5, 1994, the court conducted a sentencing hearing and assessed punishment at 20 years in prison. Near the completion of the sentencing hearing, the court remarked on the possibility of parole, specifically advising Appellant that:

> However, I think you also recognize, with good behavior on your part, 20 years may not be exactly 20 years. It may—you may get out in as few as five or as many as five.

On February 4, 1994, Appellant filed a general notice of appeal. His notice of appeal contains neither a statement that the trial court granted permission to appeal, nor does it show that the issue on appeal was raised by written motion prior to entry of the plea. In this appeal, he claims that the trial court's erroneous statement on his eligibility for parole rendered his plea involuntary. The State responds that since Appellant's notice of appeal was a general notice of appeal and did not meet the requirements of TEX.R.APP.P. 40(b)(1), this Court has no jurisdiction to consider this point of error. With regard to giving notice of appeal in a criminal case, Rule 40(b)(1) provides, in relevant part, that:

> [I]f the judgment was rendered upon his plea of guilty . . . pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

TEX.R.APP.P. 40(b)(1).

Thus, the State argues, Appellant has waived any nonjurisdictional error and we must decide whether Rule 40(b)(1) precludes defendant from challenging the voluntariness of his guilty plea on appeal.

### JURISDICTIONAL QUESTION

In *Rodriguez v. State*, 850 S.W.2d 603, 605 (Tex.App.—El Paso 1993, no pet.), this Court determined that a defendant pleading guilty pursuant to a plea bargain may still challenge the voluntariness of his plea even if he failed to comply with the requirements of Rule 40(b)(1). *Rodriguez*, 850 S.W.2d at 605.[2] In reaching this decision, this Court relied primarily upon *Broddus v. State*, 693 S.W.2d 459, 460 (Tex.Crim.App.1985) and *Soto v. State*, 837 S.W.2d 401, 403 (Tex. App.—Dallas 1992, no pet.). In *Broddus*, the Court of Criminal Appeals held that a defendant entering an open plea of guilt, that is one made without a plea bargain agreement, may always challenge the voluntariness of a guilty plea on appeal. The Dallas Court of Appeals in *Soto* relying on *Broddus*, determined that the same rule should apply whether the plea was an open plea or a plea which resulted from a bargaining agreement. The reasoning in *Soto* was premised upon the fact that Rule 40(b)(1) does not specifically address the procedural requirements for challenging the voluntariness of a guilty plea. *Soto*, 837 S.W.2d at 404. Shortly after *Soto*, the Dallas Court in *Walker v. State*, 843 S.W.2d 716 (Tex.App.—Dallas 1992, pet. ref'd) reiterated and expanded on the posi-

---

aggravated kidnapping count dismissed. The indictment in cause no. 57137–34 charged him in a single count with aggravated sexual assault, to which he also pled guilty.

**2.** Article 26.13(b) of the Code of Criminal Procedure provides "[n]o plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary."

tion it had taken in *Soto,* holding that it had jurisdiction to review any alleged error that affects the validity of a guilty plea, "whether or not it implicates voluntariness." *Walker,* 843 S.W.2d at 717.

Then in early 1994, the Texas Court of Criminal Appeals handed down two opinions on the application of Rule 40(b)(1): *Davis v. State,* 870 S.W.2d 43, 45–6 (Tex.Crim.App. 1994); and *Lyon v. State,* 872 S.W.2d 732, 736 (Tex.Crim.App.1994). In *Davis,* the Court held that in a negotiated plea situation, a general notice of appeal does not confer jurisdiction on a court of appeals to review a sufficiency of evidence claim (a nonjurisdictional defect occurring after entry of the plea) or the trial court's ruling on a pretrial suppression motion (a nonjurisdictional error occurring prior to entry of the plea). 870 S.W.2d at 46. In *Lyon,* decided the same day as *Davis,* the Court of Criminal Appeals granted review on "whether the Court of Appeals erred (1) in holding it had jurisdiction to review only jurisdictional issues, (2) in failing to address appellant's ineffective assistance of counsel claim, (3) in failing to address appellant's sufficiency claim, and (4) in holding the trial judge's relationship to the victim did not disqualify him from presiding over appellant's prosecution. . . ." *Lyon,* 872 S.W.2d at 734. The Court, citing *Davis* and *Morris v. State,* 749 S.W.2d 772, 778–80 (Tex. Crim.App.1988), held that "[a] defendant's 'general' notice of appeal confers no jurisdiction on a Court of Appeals to address nonjurisdictional defects or errors that occur before or after entry of the plea; a defendant's notice of appeal has to comply with the applicable provisions of the 'but' clause of Rule 40(b)(1) to confer jurisdiction on a Court of Appeals to address these types of defects or errors." *Lyon,* 872 S.W.2d at 736. As a result, although not specifically stated, *Lyon* and *Davis* can be interpreted to hold that a challenge as to the voluntariness of a plea is subject to the requirements of Rule 40(b)(1).

The Dallas Court of Appeals revisited the issue in *Penny v. State,* 880 S.W.2d 59 (Tex. App.—Dallas 1994, no pet.) (en banc). In *Penny,* the appellant complained of the trial court's failure to admonish him regarding the range of punishment and deportation. The Court of Appeals, in light of *Lyon* and *Davis,* overruled its prior holding in *Walker* "insofar as it holds we have jurisdiction to review any alleged error that affects the validity of a guilty plea, whether or not it implicates voluntariness[.]" *Penny,* 880 S.W.2d at 61, and dismissed appellant's first two points of error for lack of jurisdiction.

Although the State asserts that in light of *Penny* and its express overruling of *Walker,* this Court should again follow the lead of the Dallas Court of Appeals and overrule *Rodriguez,* we find it unnecessary to do so at this time for the reason that Appellant's complaint in this instance has nothing to do with the voluntariness of his plea despite his claim that the judge's incorrect statements regarding parole eligibility made his plea somehow involuntary. The judge's statements were made *after* the Appellant had pled guilty to the offenses, *after* he had stated on the record that he was entering his guilty pleas "freely and voluntarily," *after* the required admonishments had been given and his competency had been determined, *after* the evidence against him had been summarized, and *after* the court had found him guilty of the two offenses. There is no claim and no showing that Appellant's parole eligibility was a part of his plea bargain. Upon these facts, Appellant has failed to show that he in anyway relied upon the trial court's statements regarding his eligibility for parole in entering his guilty plea as to make the plea involuntary. The court's misstatement concerning Appellant's parole eligibility had absolutely nothing to do with the voluntariness of his pleas. Furthermore, the judge's statements were nonjurisdictional defects occurring after the plea had been taken and required a Rule 40(b)(1) notice of appeal. *Davis,* 870 S.W.2d at 46; *Lyon,* 872 S.W.2d at 736. *See Ex Parte Trahan,* 781 S.W.2d 291, 293 (Tex.Crim.App.1989) ("for an applicant to prevail on a claim that erroneous advice of counsel on parole eligibility rendered involuntary his guilty plea, the applicant must show that parole eligibility was an affirmative part or element of the plea bargain"). Point of Error No. One is overruled.

The judgment of the trial court is affirmed.