Jose TORREZ, Sr., Appellant.

v.

The STATE of Texas, State.

Nos. 2–95–111–CR, 2–95–112–CR.

Court of Appeals of Texas,
Fort Worth.

June 20, 1996.

Steven G. King, Harry N. Harris, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Betty Marshall and Charles M. Mallin, Asst. Chiefs of Appellate Section, David M. Curl, Bill Koos, Asst. Crim. Dist. Attys., Fort Worth, for Appellee.

Before CAYCE, C.J., and LIVINGSTON and BRIGHAM, JJ.

## OPINION

LIVINGSTON, Justice.

The State charged Jose Torrez, Sr., his wife, and his son with possession and aggravated possession of more than 50 pounds of marijuana. Torrez accepted a plea bargain agreement to be sentenced to 15 years incarceration and a $1000 fine if his wife received deferred adjudication and if the State dismissed his son's charges in exchange for his guilty plea. Torrez now appeals from his plea of guilty pursuant to the plea bargain, claiming that he received ineffective assis-

tance of counsel, that his plea was involuntary, and that the plea bargain's terms were manifestly unjust. We do not have jurisdiction to address the points on the ineffectiveness of counsel and the justness of the plea bargain's terms. Further, because Torrez's plea was not involuntary, we affirm his conviction.

## LACK OF JURISDICTION

■ In his first and third points of error, Torrez claims that he was denied effective assistance of counsel and that the plea bargain's terms were manifestly unjust as a matter of law. We do not have jurisdiction to address these points. Texas Rule of Appellate Procedure 40(b)(1) states that to appeal nonjurisdictional error from a plea of guilty pursuant to a plea bargain, the notice of appeal "shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial." TEX. R.APP.P. 40(b)(1). Courts have construed this rule to mean that the defendant must have obtained "the trial court's permission to appeal any matter in the case except for those matters raised by written motion and ruled on before trial." *Lyon v. State*, 872 S.W.2d 732, 736 (Tex.Crim.App.), *cert. denied*, — U.S. ——, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994). *See Rhem v. State*, 873 S.W.2d 383, 384 (Tex.Crim.App.1994); *Martinez v. State*, 907 S.W.2d 34, 36 (Tex.App.—San Antonio 1995, pet. filed); *Morrison v. State*, 896 S.W.2d 392, 393 (Tex.App.—Waco 1995, no pet.).

Although Torrez's amended notice of appeal states that the trial court gave its permission to appeal "these causes," the record reveals that Torrez argued only the involuntariness of his plea to the trial court in his Motion for New Trial and in the hearing on the motion. After the trial court found that Torrez made his plea voluntarily, it said, "Now, the Court will give its consent for you to appeal this case to the Second Court of Appeals . . . ." Thus, the trial court's permission to appeal could only have concerned the argument about the involuntariness of the plea. The trial court did not give permission for Torrez to appeal on the basis of ineffec-

tive assistance of counsel or the manifest unjustness of the plea bargain's terms. Accordingly, we dismiss points of error one and three.

## INVOLUNTARY PLEA

Torrez claims in point of error two that his plea of guilty was made involuntarily because of the package plea agreement and because his lawyer also represented his wife and son. In his argument, he also contends that the State acted in bad faith and that the trial court erred in failing to inquire fully about the terms of the plea agreement. To this extent, his argument does not support his point of error and creates a multifarious point. TEX.R.APP.P. 74(d). Thus, we will not address his argument to the extent that it does not support his point of error.

■ We first address whether a package plea agreement makes a defendant's plea involuntary. The court of criminal appeals has held that the terms of a plea agreement are contractual in nature and are left to the parties to agree upon. *Ex parte Williams*, 758 S.W.2d 785, 786 (Tex.Crim.App.1988). In bargaining, the prosecutor may offer anything lawfully within the State's power. *Miles v. Dorsey*, 61 F.3d 1459, 1468 (10th Cir.1995), *cert. denied*, — U.S. ——, 116 S.Ct. 743, 133 L.Ed.2d 692 (1996). Here, the State offered deferred adjudication to Torrez's wife and dismissal of charges against Torrez's son in exchange for Torrez's plea of guilty. Understandably, this offer put pressure on Torrez to plead guilty for the benefit of his family. However, " '[v]oluntary' for the purposes of entering a lawful plea to a criminal charge has never meant the absence of benefits influencing the defendant to plead," even when the offer benefits third parties. *United States v. Marquez*, 909 F.2d 738, 742 (2nd Cir.1990), *cert. denied*, 498 U.S. 1084, 111 S.Ct. 957, 112 L.Ed.2d 1045 (1991).

■ Therefore, we hold that a plea is not automatically involuntary if entered "under a plea agreement that includes leniency for a third party." *Id.* at 741. *See Politte v. United States*, 852 F.2d 924, 929–31 (7th Cir.1988) (reduced sentence for defendant's wife); *Mosier v. Murphy*, 790 F.2d 62, 66 (10th Cir.) (charges dismissed against defen-

dant's wife and mother-in-law), *cert. denied,* 479 U.S. 988, 107 S.Ct. 582, 93 L.Ed.2d 584 (1986); *United States v. Usher,* 703 F.2d 956, 958 (6th Cir.1983) (reduced sentence for defendant's wife); *Harman v. Mohn,* 683 F.2d 834, 836–38 (4th Cir.1982) (dismissal of charges against defendant's wife). Torrez testified at the hearing on the motion for new trial that no one forced him to plead guilty. He thought the plea bargain's terms were best for him and his family, though it was a hard decision to make. A difficult decision is not an involuntary decision.

■ Torrez also claims that his first attorney's representation of his wife and son also made his plea involuntary. We find that this argument is without merit. Torrez testified in the hearing on his motion for new trial that he had been satisfied with his first attorney's representation of him and his family. His attorney had explained to him the plea admonishments, his rights, and the punishment range for the offense. His first attorney testified that he fully explained all the aspects of the plea bargain to Torrez and that Torrez had several weeks to consider the terms. Torrez testified that when he pleaded guilty, he did so because he was guilty. He obtained his present attorney after he pleaded guilty but before he was formally sentenced because he thought he could get out of the sentence. Torrez cites no case law that a lawyer's representation of co-defendants makes one of the defendant's pleas involuntary. Further, the record substantiates that Torrez's plea was voluntarily made.

Because neither the terms of the package plea agreement nor the representation of co-defendants by Torrez's attorney made Torrez's plea involuntary, we overrule point of error two. Having dismissed his remaining points of error, we affirm his conviction.