**Kevin Lane FONTENOT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 2–95–228–CR.**

Court of Appeals of Texas,
Fort Worth.

Aug. 16, 1996.

William Trantham & Associates, and Stephen Wohr, Denton, for Appellant.

Bruce Isaacks, Criminal District Attorney, Yolanda M. Joosten and Jamie Beck, Assistants, Denton, for the State.

Before CAYCE, C.J., and DAY and LIVINGSTON, JJ.

## OPINION

CAYCE, Chief Justice.

Kevin Lane Fontenot appeals his conviction for assault. Fontenot pled nolo contendere pursuant to a plea bargain agreement. Following the plea, the trial court assessed punishment of 90 days in the county jail plus a fine of $100, probated for 12 months, in accordance with the State's recommendation. Fontenot then retained counsel and filed a motion for new trial. After a hearing on the motion in which evidence was heard, the motion was overruled by operation of law. Fontenot contends that the trial court erred in overruling the motion for new trial for two reasons: 1) he allegedly was not orally admonished as to his right to counsel prior to signing a written waiver of counsel, and 2) he allegedly entered his plea involuntarily because he was not orally admonished that community service was part of his plea bargain agreement and he was given a written admonishment that he could withdraw his plea if the plea bargain agreement was not followed by the court. We dismiss the appeal for lack of jurisdiction.

### BACKGROUND

On February 27, 1995, Fontenot appeared at his arraignment setting without counsel, and after meeting with counsel for the State, signed the following written waiver regarding his right to counsel:

### WAIVERS

I. *COUNSEL*

*I have been advised* the 27th day of February, of 1995, by the Judge of County Court at Law Number One *of my constitutional and statutory right to representation by counsel in the trial of the charge pending against me and of the dangers and disadvantages of self-representation.* I have been further advised that if I am unable to afford counsel, an attorney will be appointed for me free of charge. I further understand that should I choose to represent myself, that I will be held to the same standards as an attorney. (i.e., I understand the court will not give me preferential treatment with regards to the rules and complexities of the law simply because I represent myself.)

I further state that I fully understand the charges filed against me. Understanding my right to have counsel appointed for me free of charge if I am not financially able to employ counsel, and understanding the dangers and disadvantages of self-representation, *I hereby waive the right to counsel* and demand that I be allowed to proceed with my case without an attorney.

X /s/ *Kevin L. Fontenot*
Defendant

Fontenot also signed the following written admonishment regarding his plea bargain:

### ADMONISHMENTS

\* \* \*

II. *PLEA BARGAIN*

If you are convicted of the offense with which you are charged, the Court is not obligated to follow any plea bargain agreement. *However, should the Court reject the agreement, you will be permitted to withdraw your plea.*

In return for your plea of No Contest, the prosecutor will recommend that you be punished by 90 days confinement in the Denton County Jail and a fine of $100-. The prosecutor will also recommend that the jail sentence be suspended and the defendant be placed on *community supervision* for a period of 12 mos. Additionally you will have to pay court costs and restitution (if applicable), and attorney's fees for your lawyer if he is court appointed. If you are placed on *community supervision* there will also be *community supervision* fees as determined by the Court. The Court may require jail time as a condition of community supervision.

\* \* \*

ATTEST:

(Pro se) X /s/ *Kevin L. Fontenot*

_____ _____
Attorney for Defendant Defendant

/s/ *Jamie D. Beck*
_____
Attorney for the State

Both the written waiver and the written admonishment were signed and approved by the trial judge.[1]

According to the State's uncontroverted testimony at the hearing on Fontenot's motion for new trial, the judge orally admonished Fontenot in open court about his right to counsel and the terms and conditions of community supervision prior to accepting his plea. However, no record was made of the plea bargain hearing. Fontenot admits that he knew he had a right to retain counsel when he made his plea and that he signed the written waiver and admonishment, but he contends he does not "recall" anything the judge told him regarding his right to counsel or community supervision.

In this appeal, Fontenot asserts two points of error. First, Fontenot contends that the trial court erred in failing to grant his motion for new trial because there is no record of a "colloquy" between him and the trial judge showing that the judge examined Fontenot to assure that he was aware of his right to retain an attorney prior to waiving that right. Second, Fontenot complains that his plea of nolo contendere was involuntary because he does not recall the judge orally advising him that he would be placed on community supervision, and because he was admonished in writing that if the court should reject the plea bargain agreement, he would be permitted to withdraw his plea of nolo contendere.[2]

---

1. All emphases in the quoted portions are supplied.

2. According to Fontenot, this admonishment applies only in felony cases. *See* Tex.Code Crim. Proc.Ann. art. 26.13(a) (Vernon 1989) (listing admonishments court is required to administer before accepting defendant's plea of guilty or nolo contendere). The State does not contest this contention, and we do not address it due to our disposition of this appeal on jurisdictional grounds.

## ADEQUACY OF THE NOTICE OF APPEAL

 Fontenot's notice of appeal is a general notice that simply states that he appeals his conviction.[3] Recently, our court of criminal appeals has held that Tex. R.App.P. 40(b)(1) requires a defendant in an appeal from a plea bargained conviction to get the trial court's permission to appeal any matter in the case, except jurisdictional defects and those matters raised by written motion and ruled on before trial. *Lyon v. State*, 872 S.W.2d 732, 736 (Tex.Crim.App.), *cert. denied*, —— U.S. ——, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994); *Davis v. State*, 870 S.W.2d 43, 45–46 (Tex.Crim.App.1994). Accordingly, a general notice of appeal does *not* confer jurisdiction on a court of appeals to consider *nonjurisdictional* defects that occur before or after the entry of a plea, or trial error that occurs before or after the entry of the plea. *Davis*, 870 S.W.2d at 45–46; *see Montalbo v. State*, 885 S.W.2d 160, 160–61 (Tex.Crim.App.1994); *Rhem v. State*, 873 S.W.2d 383, 384 (Tex.Crim.App.1994). This rule has been held to apply to misdemeanor appeals. *Taylor v. State*, 916 S.W.2d 680, 684–85 (Tex.App.—Waco 1996, pet. ref'd).

In three recent cases, this court has held that a defendant's failure to comply with Tex.R.App.P. 40(b)(1) precludes the court from exercising jurisdiction to review various nonjurisdictional complaints. *See Torrez v. State*, 925 S.W.2d 361, 362 (Tex.App.—Fort Worth 1996, no pet.) (ineffective assistance of counsel, manifest unjustness of plea bargain terms); *Tillman v. State*, 919 S.W.2d 836, 839 (Tex.App.—Fort Worth 1996, pet. filed) (insufficiency of evidence, unconstitutionality of article 42.12, section 5(b), ineffective assistance of counsel, failures to admonish under articles 26.13(a)(4) and 42.12(a)); *Martinez v.*

---

3. Fontenot was admonished regarding the limitations of appeal under Rule 40(b)(1) as follows:

 IV. *APPEAL*
 If the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed by you, you cannot appeal any matter without the Trial Court's permission, except for those matters raised by written motions prior to trial.

 *See* Tex.R.App.P. 40(b)(1).

*State,* 906 S.W.2d 651, 653–54 (Tex.App.—Fort Worth 1995, pet. filed) (insufficiency of evidence, failure to admonish under 26.13, failure to order presentence report). However, none of these decisions answered the question of whether the right to counsel or the voluntariness of a plea is jurisdictional or an exception to Rule 40(b)(1). We do so here.

## HISTORICAL BACKGROUND OF RULE 40(b)(1)

■ The right to appeal a criminal conviction is a substantive right solely within the province of the legislature. *Lyon,* 872 S.W.2d at 734; *see Phynes v. State,* 828 S.W.2d 1, 2 (Tex.Crim.App.1992). Before 1977, a defendant in a criminal action had a general right to appeal anything. *Lyon,* 872 S.W.2d at 734. However, as a matter of decisional law the court of criminal appeals held a guilty plea waived all nonjurisdictional defects in the trial proceedings; a rule commonly known as the *Helms* rule. *See Helms v. State,* 484 S.W.2d 925, 927 (Tex.Crim.App. 1972); *see also Morris v. State,* 749 S.W.2d 772, 779 (Tex.Crim.App.1986) (Clinton, J., dissenting). The *Helms* rule, however, discouraged guilty pleas and caused a defendant who wanted to preserve his appellate issues to force the State to a full trial on the merits. *Lyon,* 872 S.W.2d at 734; *Morris,* 749 S.W.2d at 779.

In an effort to remedy this situation, the legislature added a proviso to article 44.02 of the Texas Code of Criminal Procedure to allow the right to appeal nonjurisdictional error occurring prior to a plea of guilty or nolo contendere where 1) there is a negotiated recommendation as to punishment, and 2) the punishment actually assessed does not exceed the recommendation. Tex.Code Crim.Proc.Ann. art. 44.02 (Vernon 1979); *see Larson v. State,* 759 S.W.2d 457, 459 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd), *cert. denied,* 490 U.S. 1008, 109 S.Ct. 1646, 104 L.Ed.2d 161 (1989). This proviso was "a limited abrogation of the *Helms* rule; it allowed some appellate issues to be addressed on their merits in negotiated plea situations where the *Helms* rule otherwise applied in order 'to conserve judicial resources by encouraging guilty pleas,' and to prevent '*windy*' appeals." *Lyon,* 872 S.W.2d at 735 (emphasis supplied); *see Morris,* 749 S.W.2d at 779 n. 12; *Morgan v. State,* 688 S.W.2d 504, 507, 513–14 (Tex.Crim.App.1985) (Onion, J., dissenting).[4] The court of criminal appeals later decided a defendant's failure to comply with the proviso to article 44.02 was jurisdictional, and a defendant had to obtain the trial court's permission to appeal a nonjurisdictional defect occurring after entry of the plea. *Lyon,* 872 S.W.2d at 735; *see Morris,* 749 S.W.2d at 774–75; *see also Morgan,* 688 S.W.2d at 515 (Onion, J. dissenting) ("[i]f a defendant falls within the [proviso to article 44.02], he has no right of appeal at all without the permission of the trial court save and except the appeal from rulings on certain pre-trial matters").

In 1986, the proviso of article 44.02 was carried forward in the notice of appeal provisions of Rule 40(b)(1) commonly referred to as the "but" clause. The pertinent part of this rule provides as follows:

> (1) Appeal is perfected in a criminal case by giving timely notice of appeal.... Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; *but if the judgment was rendered upon his plea of guilty or nolo contendere ... and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.*

Tex.R.App.P. 40(b)(1) (emphasis supplied). Rule 40(b)(1) was promulgated by the court of criminal appeals pursuant to the authority delegated to it under section 22.108(a) of the

---

4. The *Helms* rule remains viable in an appeal from a conviction based on an open plea where no plea bargain has been reached. *Lynch v. State,* 903 S.W.2d 115, 118 (Tex.App.—Fort Worth 1995, no pet.).

Texas Government Code, which expressly prohibits the court from abridging, enlarging, or modifying the substantive rights of litigants. TEX.GOV'T CODE ANN. § 22.108(a) (Vernon 1988). Therefore, in promulgating Rule 40(b)(1), the court acted on the assumption "that the body of caselaw construing the proviso [to article 44.02] would prevail and still control." *Lemmons v. State*, 818 S.W.2d 58, 62 (Tex.Crim.App.1991). Consequently, four years later the court of criminal appeals held compliance with Rule 40(b)(1) was jurisdictional. *Jones v. State*, 796 S.W.2d 183, 187 (Tex.Crim.App.1990).

Then in early 1994, the court of criminal appeals handed down *Davis* and *Lyon*. In *Davis*, the court held that in a negotiated plea situation, a general notice of appeal does not confer jurisdiction on a court of appeals to review a sufficiency of evidence claim (a nonjurisdictional defect occurring after entry of the plea) or the trial court's ruling on a pretrial suppression motion (a nonjurisdictional error occurring prior to entry of the plea). *Davis*, 870 S.W.2d at 46. In *Lyon*, decided the same day as *Davis*, the court of criminal appeals granted review on "whether the Court of Appeals erred (1) in holding it had jurisdiction to review only jurisdictional issues, (2) in failing to address appellant's ineffective assistance of counsel claim, (3) in failing to address appellant's sufficiency claim, and (4) in holding the trial judge's relationship to the victim did not disqualify him from presiding over appellant's prosecution." *Lyon*, 872 S.W.2d at 734. The court, citing *Davis* and *Morris* held that *"[a] defendant's 'general' notice of appeal confers no jurisdiction on a Court of Appeals to address nonjurisdictional defects or errors that occur before or after entry of the plea; a defendant's notice of appeal has to comply with the applicable provisions of the 'but' clause of Rule 40(b)(1) to confer jurisdiction on a Court of Appeals to address these types of defects or errors." Id.* at 736 (emphasis supplied).

### JURISDICTION OF TRIAL COURT TO ACT

■ Based on the foregoing discussion, our determination of whether Fontenot's general notice of appeal invokes our jurisdiction under Rule 40(b)(1) requires that we first determine whether his right to counsel and voluntariness complaints are of a jurisdictional nature. We conclude that they are not.

■ Trial court jurisdiction is comprised of the power of the court over the *subject matter* of the case, conveyed by statute or constitutional provision, coupled with *personal* jurisdiction over the accused. *See generally Fairfield v. State*, 610 S.W.2d 771, 779 (Tex.Crim.App.1981); *Garcia v. Dial*, 596 S.W.2d 524, 527 (Tex.Crim.App. [Panel Op.] 1980) (orig. proceeding). The attachment of jurisdiction in the trial court conveys upon that court the power to determine all essential questions "and to do any and all things with reference thereto authorized by the Constitution and statutes, or permitted district courts under established principles of law." *Garcia*, 596 S.W.2d at 527–28 (citing *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063, 1069 (1926)). In other words, once a court acquires jurisdiction of a case, that jurisdiction embraces everything in the case and every question arising which can be determined in the case, until it reaches its termination and the jurisdiction is thereby exhausted. *Morrow v. Corbin*, 122 Tex. 553, 62 S.W.2d 641, 645 (1933); *see Garcia*, 596 S.W.2d at 528.

■ Further encompassed by jurisdiction is the court's authority to decide issues of law and fact, and to determine those issues erroneously:

> Jurisdiction ... includes the power to determine either rightfully or wrongfully. It can make no difference how erroneous the decision may be.... "[J]urisdiction" ... [m]oreover ... includes the power to decide as to the law of the case as well as the effect of the facts in issue.

*Corbin*, 62 S.W.2d at 644, 645 (citations omitted) (emphasis deleted). Therefore, if the court has jurisdiction of the parties and subject matter, its actions are not void no matter how erroneous they may be. On the other hand, judicial action without jurisdiction is void; where the court is without jurisdiction, it has no authority to do anything other than dismiss the case. *Garcia*, 596 S.W.2d at 528.

*RIGHT TO COUNSEL*

 There can be no question under the foregoing principles that the right to counsel is not a jurisdictional issue; it goes neither to the trial court's jurisdiction over the defendant's person nor to the trial court's jurisdiction over the subject matter. Nor does the "but" clause of Rule 40(b)(1) exempt complaints regarding the right to counsel from its operation. It plainly does not do so expressly, and we believe we are constrained to hold that it does not do so by implication. *Lyon,* 872 S.W.2d at 736; *Davis,* 870 S.W.2d at 45–46; *see Martinez v. State,* 907 S.W.2d 34, 36 (Tex.App.—San Antonio 1995, pet. filed); *Alfaro v. State,* 904 S.W.2d 173, 175 (Tex.App.—San Antonio 1995, no pet.). We, therefore, hold that because Fontenot's complaint that he did not make a knowing and voluntary waiver of his right to counsel is neither jurisdictional nor an exception to the "but" clause of Rule 40(b)(1), we have no jurisdiction to address the merits of his first point of error.

*VOLUNTARINESS OF NEGOTIATED PLEA*

Fontenot's second point of error, which raises a complaint that his negotiated plea of nolo contendere was involuntary, is likewise outside the scope of our jurisdiction. A challenge to the voluntariness of a negotiated plea is clearly *non* jurisdictional, and at least two of our sister courts have either expressly or impliedly recognized that it is not an exception to the "but" clause of Rule 40(b)(1) under the holdings of *Lyon* and *Davis. See Martinez,* 907 S.W.2d at 35–36 (voluntariness is nonjurisdictional and is not an exception to Rule 40(b)(1) under *Lyon* ); *Delgado v. State,* 891 S.W.2d 17, 19 (Tex.App.—El Paso 1994, no pet.) ("although not specifically stated, *Lyon* and *Davis* can be interpreted to hold that a challenge as to the voluntariness of a plea is subject to the requirements of Rule 40(b)(1)"). Today, we follow the lead of those courts and expressly hold that the "but" clause of Rule 40(b)(1) applies to appellate complaints that challenge the voluntari-

ness of a negotiated plea. Because Fontenot did not comply with the requirements of this rule, we have no jurisdiction to address the merits of his complaint under point of error two.

This holding is consistent with our treatment of complaints challenging the voluntariness of a negotiated plea in recent decisions in which the issue of jurisdiction has been raised. In *Torrez,* the appellant raised three complaints: that he received ineffective assistance of counsel, that his plea was involuntary, and that the plea bargain's terms were manifestly unjust. Upon examining the appellant's amended notice of appeal, which stated that the trial court gave its permission to appeal "these causes," we noted that the record showed that the appellant had only argued the involuntariness of his plea to the trial court in his motion for new trial and in the hearing on the motion. We then made the following observation:

> After the trial court found that Torrez made his plea voluntarily, it said, "Now, the Court will give its consent for you to appeal this case to the Second Court of Appeals...." Thus, the trial court's permission to appeal could only have concerned the argument about the involuntariness of the plea. The trial court did not give permission for Torrez to appeal on the basis of ineffective assistance of counsel or the manifest unjustness of the plea bargain's terms.

*Torrez,* 925 S.W.2d at 362. Based on this finding, we concluded that our jurisdiction had been invoked to review the appellant's claims that his plea of guilty was made involuntarily, but we dismissed for lack of jurisdiction the two complaints that had not been preserved for appellate review pursuant to Rule 40(b)(1).[5]

We also find support for today's holding in a recent decision of the court of criminal appeals, *Watson v. State,* 924 S.W.2d 711 (Tex.Crim.App.1996). In *Watson,* the appellant pled guilty to an indictment charging her

---

5. Although we did reach the merits of the voluntariness issue in *Martinez,* the question of whether we had jurisdiction to do so was not presented nor did we address it. *See Martinez,* 906 S.W.2d

at 654–56; *see also Brown v. State,* 917 S.W.2d 387, 389–91 (Tex.App.—Fort Worth 1996, no pet.) (addressing voluntariness without reaching jurisdictional issue).

with forgery in exchange for deferred adjudication. Within a year, the appellant violated the conditions of her probation, and the prosecutor filed a motion with the court to proceed with an adjudication of guilt. Based on appellant's plea of true to the allegations, the trial judge then proceeded to adjudicate her guilty of the original forgery charge and sentenced her to confinement in the penitentiary for ten years. *Id.* at 712.

On appeal to the El Paso Court of Appeals, the appellant contended that the trial court violated her right to due process by prejudging her sentence. *See* TEX. CONST. art. I, § 19. The State responded that the court of appeals was without jurisdiction to consider appellant's constitutional complaints because she did not file a notice of appeal that complied with Rule 40(b)(1). The El Paso Court of Appeals rejected the State's argument and determined that the trial court assessed appellant's punishment, not based upon the evidence adduced at the adjudication hearing or after considering the full range of punishment, but rather with a prejudged sentence. *Watson v. State,* 884 S.W.2d 836, 839 (Tex. App.—El Paso 1994). The court of appeals concluded that this violated appellant's constitutional right to due process, reversed the decision of the trial court, and remanded for a new punishment hearing. *Id.*

The court of criminal appeals granted the State's petition for discretionary review to consider whether the court of appeals had jurisdiction to review the constitutional due process complaint under a general notice of appeal in a deferred adjudication case. The court held that the "but" clause of Rule 40(b)(1) does apply and sustained the State's ground for review. The court reasoned:

> By providing that an order of deferred adjudication may henceforth be regarded as punishment for purposes of plea negotiations and by authorizing immediate appeal from deferred adjudication orders [under article 42.12], the legislature opted to make the consequences of plea bargains for deferred adjudication equal to those involving other punishment recommendations. *Attorneys for the defendant and for the State may now bargain for deferred adjudication, just as for any other dispo-sition, confident on the one hand that an appeal may be taken immediately from any ensuing order or judgment in the case, and on the other hand that any such appeal will be limited to matters which the trial judge allows, to pretrial motions, and to jurisdictional defects.*

*Watson,* 924 S.W.2d at 714.

Like the due process complaint raised in *Watson,* it is well recognized that a challenge to the voluntariness of a guilty plea is one of constitutional dimension. *See Meyers v. State,* 623 S.W.2d 397, 402 (Tex.Crim. App. [Panel Op.] 1981). A guilty plea passes constitutional muster only when it is both voluntarily and intelligently made. *Brady v. United States,* 397 U.S. 742, 747, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747, 756 (1970). However, as *Watson* and other decisions of the court of criminal appeals teach us, we have no jurisdiction to review constitutional complaints unless they are raised in accordance with the procedures of Rule 40(b)(1). *Watson,* 924 S.W.2d at 714; *see also Lyon,* 872 S.W.2d at 736 (Rule 40(b)(1) precludes appeal of Sixth Amendment ineffective assistance of counsel claim). We find no compelling reason for treating a complaint that a negotiated plea was taken in violation of the constitution differently than other constitutional complaints involving negotiated pleas.

We recognize that since the decisions in *Lyon* and *Davis,* two of our other sister courts have held that an appellant may challenge the voluntariness of his plea without complying with Rule 40(b)(1). *See Forcha v. State,* 894 S.W.2d 506, 509 (Tex.App.—Houston [1st Dist.] 1995, no pet.); *Miller v. State,* 879 S.W.2d 336, 337 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd). However, we believe those opinions are wrongly decided and are in conflict with the court of criminal appeals decisions in *Lyon* and *Davis.*

In *Forcha,* the First Court of Appeals recognized that an involuntary plea is a nonjurisdictional defect that is not reviewable under Rule 40(b)(1), "as interpreted in *Davis* and *Lyon.*" *Forcha,* 894 S.W.2d at 509. The court, however, held that it had jurisdiction under a general notice of appeal to review a complaint that the failure to admonish under

article 26.13(a) rendered a plea involuntary.[6] The court explained its rationale as follows:

> Strict application of rule 40(b)(1), as interpreted in *Davis* and *Lyon* ... would mean that a claim that the plea was involuntary would never be reviewable, because it could not be raised in a pretrial motion, and no prudent judge would have knowingly accepted an involuntary plea. Thus, permission to appeal on those grounds would be virtually unobtainable. The trial court is simply not permitted to accept an involuntary plea. The Code of Criminal Procedure provides "[n]o plea of guilty or nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent *and the plea is free and voluntary.*" TEX.CODE CRIM.PROC. ANN. art. 26.13(b) (Vernon 1989) (emphasis added).
>
> ... Indeed, a close examination of *Davis* reveals that the Court of Criminal Appeals itself apparently viewed these two claims as somehow different from other "nonjurisdictional defects" occurring after the plea. In *Davis,* the court first held that the appellant's general notice of appeal had not conferred jurisdiction on the court of appeals to address a "nonjurisdictional defect" (sufficiency of the evidence) occurring after the plea. The court then stated:
>
>> Finally, appellant raises the following issues: (1) whether the failure of her trial counsel to file a legally sufficient notice of appeal was ineffective assistance of counsel which denied her a meaningful right of appellate review, and (2) whether her plea was involuntary since it was contingent upon her being able to appeal the motion to suppress issue. While we granted appellant's petition on these issues, we now note that appellant did not raise and argue either of these issues in her brief in the Court of Appeals, and that court consequently did not address them.... [W]e will not address appellant's third and fourth grounds for review, and we

dismiss those grounds as improvidently granted.

*Davis,* 870 S.W.2d at 47.

> From the above-quoted language, it appears that the Court of Criminal Appeals would have reached these issues if they had been preserved for review. Therefore, we will address appellant's claims.

*Forcha,* 894 S.W.2d at 509 (citation omitted).

Unlike the court in *Forcha,* the Fourteenth court in *Miller* offered no rationale for its holding that a challenge to an involuntary plea is an exception to Rule 40(b)(1); the Fourteenth court simply said, "an appellant may challenge the voluntariness of his plea." *Miller,* 879 S.W.2d at 337.

We disagree with *Forcha*'s premise that permission to appeal an involuntary plea is "virtually unobtainable." *Forcha,* 894 S.W.2d at 509. Although as *Forcha* noted, involuntariness cannot be raised in a pretrial motion, it can be presented to the judge in a post-trial motion, as was done in this case. *See also Torrez,* 925 S.W.2d at 362 (voluntariness complaint raised in motion for new trial); *Tillman,* 919 S.W.2d at 837 (motion for new trial challenging voluntariness of negotiated plea based on fact defendant had been misinformed about time served). This would allow the judge to withdraw his acceptance of the plea, or grant permission to appeal on that ground if permission is requested. *See Torrez,* 925 S.W.2d at 362–63 (permission to appeal voluntariness granted in motion for new trial proceeding); *Tillman,* 919 S.W.2d at 837 (motion for new trial granted on basis of complaint that plea was involuntary). Certainly, no prudent judge would refuse to withdraw his acceptance of a plea after it is shown to be involuntary, nor would any reasonable judge refuse to grant a defendant permission to appeal on that ground.

Nevertheless, the fact that a trial judge may err in accepting an involuntary plea does not give us any greater authority for taking action in a case when we lack the jurisdiction to do so than when a trial court erroneously accepts an invalid plea in other

---

6. The court also addressed an ineffective assistance of counsel claim based on a defective notice of appeal. *Forcha,* 894 S.W.2d at 509–10. The question of whether we have jurisdiction to reach an ineffective assistance of counsel complaint based upon errors occurring on appeal is not before us and we do not address it here.

contexts where the error cannot be raised in a pretrial motion. For example, it is error for a trial court to take a plea without a hearing in which sufficient evidence is introduced in support of it. TEX.CODE CRIM.PROC. ANN. art. 1.15 (Vernon Supp.1996) ("[I]n no event shall a person charged be convicted upon his plea without sufficient evidence to support the same."). Yet, despite the fact that an insufficiency complaint cannot be raised by pretrial motion, the court of criminal appeals has held that the mandatory provisions of Rule 40(b)(1) must be followed to appeal a plea taken without "any evidence" to support it. *Rhem*, 873 S.W.2d at 384; *see Lyon*, 872 S.W.2d at 736 (holding the "but" clause of Rule 40(b)(1) precludes appeal challenging sufficiency of evidence to support plea); *Davis*, 870 S.W.2d at 46 (same). We see no reason for treating challenges to the voluntariness of the plea differently. Even if we did, we are bound as an intermediate appellate court to follow the holdings of *Lyon* and *Davis*, whether or not we agree with the court of criminal appeals' "strict" interpretation of Rule 40(b)(1).

We also refuse to speculate as did the court in *Forcha* about whether the court of criminal appeals would have reached the nonjurisdictional issues that were not preserved for review in *Davis*. If we were to infer anything from the quoted language from *Davis*, it would be that the court in *Davis* declined to reach the question of whether Rule 40(b)(1) applied to the ineffective assistance and voluntariness claims because those claims were not argued in the court of appeals. In other words, it appears to us that the *Davis* court simply elected not to write an advisory opinion because appellate courts are constitutionally prohibited from doing so. TEX. CONST. art. II, § 1; *Armstrong v. State*, 805 S.W.2d 791, 794 (Tex.Crim.App.1991).

The only other court that has addressed this specific issue in a reported decision *after* the *Lyon* and *Davis* decisions were handed down is the El Paso Court of Appeals. In *Delgado*, the El Paso Court of Appeals was asked by the State to follow the lead of the Dallas Court of Appeals and overrule *Rodriguez v. State*, 850 S.W.2d 603, 605 (Tex. App.—El Paso 1993, no pet.), wherein the court had held (prior to *Lyon* and *Davis*) that it had jurisdiction to entertain a complaint regarding the voluntariness of a plea, even though the appellant failed to comply with the requirements of Rule 40(b)(1). *Delgado*, 891 S.W.2d at 18–19. In addressing the State's argument, the El Paso court acknowledged that "although not specifically stated, *Lyon* and *Davis* can be interpreted to hold that a challenge as to the voluntariness of a plea is subject to the requirements of Rule 40(b)(1)." *Id.* at 19. However, the court found it premature to overrule *Rodriguez* "at this time for the reason that Appellant's complaint ... has nothing to do with the voluntariness of his plea." *Id.*

In the *Rodriguez* case, the El Paso court had reasoned that "[t]he constitutional key to the validity of a guilty plea is that it is voluntarily and intelligently made." *Rodriguez*, 850 S.W.2d at 605. Because "[t]he very purpose of Article 26.13 is to ensure that only pleas passing constitutional muster are accepted by trial courts," the court held that the admonishment requirements of article 26.13 may be raised by a defendant at any time. *Id.* at 606. In reaching this conclusion, the court heavily relied on the fact that issues concerning the entry of the plea cannot be presented in a pretrial motion and that trial judges are prohibited from accepting involuntary pleas. *Id.; see Forcha*, 894 S.W.2d at 509–10. The court further noted that when a defendant enters an "open" plea of guilt (that is, one made without a plea bargain agreement) he does not *waive* the right to challenge the voluntariness of the plea under the *Helms* rule, *Broddus v. State*, 693 S.W.2d 459, 460 (Tex.Crim.App.1985); *see Helms*, 484 S.W.2d at 927 (waiver of nonjurisdictional defects occurs only "[w]here a plea of guilty is voluntarily and understandingly made"), and then opined that the same protection should be afforded defendants pleading guilty with a plea bargain. *Rodriguez*, 850 S.W.2d at 606.

We disagree with the holding and analysis of *Rodriguez* for the reasons stated above. *Supra* at 191–192, 193–194. In addition, we believe *Rodriguez*'s reliance on the open plea waiver rule of *Helms* is misplaced because it ignores the distinct jurisdictional

limitations to appealing pleas made with a plea bargain.

Strictly speaking, there are no jurisdictional limitations in appealing an open plea of guilty so long as the defendant complies with the general notice provisions of Rule 40(b)(1). Under *Helms,* however, a defendant *waives* all nonjurisdictional error occurring before the plea by pleading guilty. *Helms,* 484 S.W.2d at 927. This is a rule of waiver, and not of jurisdiction. Therefore, because a waiver must be voluntarily and knowingly made in order to be valid, *see Meyers,* 623 S.W.2d at 401, a defendant may on appeal raise the issue of whether his open plea was voluntarily entered. *See Broddus,* 693 S.W.2d at 460–61.

However, this exception to the *Helms* waiver rule does not enlarge our jurisdiction to review open pleas. Again, our jurisdiction to review a plea made without a plea bargain is predicated on whether the defendant complies with the general notice of appeal provisions of Rule 40(b)(1), and not on whether the plea was made voluntarily and knowingly. Similarly, our jurisdiction to review a plea made with a plea bargain is invoked—not by an assertion that the plea was involuntary— but only by compliance with the "but" clause provisions of Rule 40(b)(1). We have no more authority to take jurisdiction over a plea-bargained case when the defendant fails to comply with the "but" clause provisions of Rule 40(b)(1), than we do when an open plea is appealed *without compliance with the gen*eral notice provisions of Rule 40(b)(1). In both cases, jurisdiction depends on strict compliance with the relevant provisions of Rule 40(b)(1), not on whether the plea was voluntarily made.

More importantly, there are compelling policy reasons for treating negotiated pleas different from open pleas. As the court of criminal appeals in *Watson* recently pointed out, an important public policy served by the plea bargain system is conservation of judicial resources. *Watson,* 924 S.W.2d at 714. A plea bargain assures the defendant that he will obtain an agreeable sentence and expeditious appellate review of contested legal matters, without the necessity of a full adversarial trial. *Id.* The State, on the other hand,

obtains an acceptable disposition of the case confident that substantial judicial resources will not be wasted in a trial, or in the appeal of any matters other than those which a trial judge allows, those presented in pretrial motions, and matters involving jurisdictional defects. *Id.; see* TEX.R.APP.P. 40(b)(1). However, allowing a defendant to challenge the validity of the plea for the first time on appeal undermines these assurances, and results in judicial waste by encouraging defendants to "lay behind the log" with their complaints until appeal is perfected. The policy objective of conserving judicial resources is obviously best served by requiring defendants to first present any challenges to the validity of the bargained-for plea *in the trial court,* so that the alleged error may be corrected before further judicial resources are unnecessarily wasted in reviewing the invalid plea on appeal. These policy considerations do not apply to open pleas of guilty made outside of the context of pretrial negotiations for a punishment recommendation.

One other case and its progeny bear mentioning, *Soto v. State,* 837 S.W.2d 401 (Tex. App.—Dallas 1992, no pet.). In *Soto,* the Dallas Court of Appeals determined that a defendant pleading guilty pursuant to a plea bargain agreement may always challenge the voluntariness of a negotiated guilty plea on appeal. *Id.* at 403. Like *Forcha,* the reasoning in *Soto* was premised upon the fact that a plea bargain is predicated on a knowing and voluntary plea and that Rule 40(b)(1) does not specifically address the procedural requirements for challenging the voluntariness of a negotiated guilty plea. *Id.* at 404. However, *Soto* was decided prior to the decisions of the court of criminal appeals in *Lyon* and *Davis.*

Shortly after *Soto,* the Dallas court in another case predating *Lyon* and *Davis, Walker v. State,* 843 S.W.2d 716 (Tex.App.—Dallas 1992, pet. ref'd), reiterated and expanded upon the position it had taken in *Soto,* holding that it had jurisdiction to review any alleged error that affects the validity of a guilty plea, "whether or not it implicates voluntariness." *Walker,* 843 S.W.2d at 717. *Walker*'s holding was premised on the rationale that the failure of a trial court to give

the admonishments listed in article 26.13 prior to the taking of the plea renders the plea involuntary; therefore, any complaint that challenges the validity of a guilty plea in that context is, in essence, a challenge to the voluntariness of the plea "whether or not" involuntariness is actually alleged. *Id.*

Subsequent to the decisions in *Lyon* and *Davis,* however, the Dallas Court of Appeals revisited the issue in *Penny v. State,* 880 S.W.2d 59, 61 (Tex.App.—Dallas 1994, no pet.) (en banc). In *Penny,* the appellant complained of the trial court's failure to admonish him regarding the range of punishment and deportation. Upon examining *Lyon* and *Davis,* the Dallas court overruled its prior holding in *Walker* "insofar as it holds we have jurisdiction to review any alleged error that affects the validity of a guilty plea, whether or not it implicates voluntariness." *Id.* at 61. Although the precise meaning of this holding is unclear from the opinion, it appears from the language of a more recent decision of the Dallas court involving an *open* plea that what the Dallas court meant in *Penny* is that it has no jurisdiction to review a challenge to the validity of a plea based on a failure to admonish *unless* "the point of error also contends that the failure to admonish rendered the defendant's guilty plea unknowing or involuntary." *McGowin v. State,* 912 S.W.2d 837, 841 (Tex. App.—Dallas 1995, no pet.). According to the court in *McGowin,* a point of error that contends that the defendant's guilty plea was unknowing or involuntary alleges a "jurisdictional defect" that may always be challenged on appeal. *Id.* On the other hand, a point of error that does not expressly implicate voluntariness alleges a nonjurisdictional defect that may not be raised on appeal. *Id.*

For the reasons explained in prior portions of this opinion, we disagree with the rationale and holding of *Soto* and the Dallas Court of Appeals' decisions that follow it. Dallas is the only court that has characterized voluntariness as a "jurisdictional defect." *Id.* at 841. We agree with the other courts that recognize that voluntariness is a *non* jurisdictional defect for the reasons stated above. *Supra,* at 190–191; *see Martinez,* 907 S.W.2d at 35–36; *Forcha,* 894 S.W.2d at 509; *Miller,*

879 S.W.2d at 337; *Rodriguez,* 850 S.W.2d at 605.

Further, the underlying premise of the cited Dallas decisions is that trial courts are constitutionally prohibited from accepting involuntary pleas and that voluntariness cannot be raised by pretrial motion. *See Walker,* 843 S.W.2d at 717; *Soto,* 837 S.W.2d at 403–04. We have already demonstrated that we have no jurisdiction to review constitutional issues arising from a conviction based on a negotiated plea, absent compliance with the "but" clause of Rule 40(b)(1). *Supra* at 191–192. We have also shown that there are post-trial procedures that are available to a defendant to present the issue of voluntariness in the trial court and, if necessary, obtain permission to appeal the plea as required by the "but" clause of Rule 40(b)(1). *Supra* at 193–194.

Finally, we disagree with the Dallas court's reasoning in *McGowin* that our jurisdiction to review the issue of voluntariness is invoked by merely alleging on appeal that the plea was "unknowing or involuntary." *McGowin,* 912 S.W.2d at 841. Assuming arguendo that the issue of voluntariness was an exception to the "but" clause of Rule 40(b)(1), our jurisdiction to review the issue would be triggered, if at all, by compliance with the general notice of appeal procedures of Rule 40(b)(1), and not by the insertion of the magical words "knowing" or "involuntary" in a point of error or other part of an appellate brief. The purpose of an appellate brief is "to acquaint the court with the points relied upon, the manner in which they arose, together with such argument of facts and law as will enable the court to decide the same." Tex.R.App.P. 74(p); *Armstrong v. State,* 845 S.W.2d 909, 910 (Tex.Crim.App.1993). While the appellate brief is the vehicle for presenting a complaint in a properly perfected appeal, neither its filing nor its wording invokes our jurisdiction to address the merits of the complaint.

## CONCLUSION

In sum, the alleged violation of Fontenot's right to counsel and the alleged involuntariness of Fontenot's plea of nolo contendere are nonjurisdictional defects. The court of

criminal appeals has unequivocally instructed us that we have no jurisdiction to review such defects in a plea bargained case, unless permission to appeal is obtained from the trial court as required by the "but" clause of Rule 40(b)(1). Fontenot had the opportunity to request permission to raise both complaints on appeal in the proceedings related to his motion for new trial, but he failed to do so. Because he did not request permission to appeal these issues, we are without jurisdiction to consider them.

The appeal is dismissed for lack of jurisdiction.