# NO. 12-14-00356-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JODY FORD MCCREARY,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Following a guilty plea, Appellant, Jody Ford McCreary, was convicted of tampering with physical evidence. He previously attempted to appeal this conviction, but his notice of appeal was late, and the appeal was dismissed for want of jurisdiction. *See McCreary v. State*, No. 12-11-00311-CR, 2011 WL 4971606 (Tex. App.–Tyler Oct. 19, 2011, no pet.) (per curiam) (mem. op., not designated for publication).

Appellant has now filed a notice of appeal relating to the same conviction in which he urges that his guilty plea was involuntary. Appellant states in his notice of appeal that this court has jurisdiction of the appeal because involuntariness of a guilty plea may be raised at any time. In support of his argument, he cites several cases which state generally that voluntariness of a guilty plea may always be challenged on appeal. *See generally Dusenberry v. State*, 915 S.W.2d 947 (Tex. App.–Houston [1st Dist.] 1996, pet. ref'd); *Rodriguez v. State*, 850 S.W.2d 603 (Tex. App.–Amarillo 1993, no pet.); *Walker v. State*, 843 S.W.2d 716 (Tex. App.–Dallas 1992, pet. ref'd). However, nothing in these cases, or in any other authority that we have been able to locate, authorizes such a challenge by direct appeal after a felony conviction becomes final.

On December 16, 2014, this court notified Appellant that his notice of appeal does not show the jurisdiction of this court because there is no final judgment or other appealable order included in the information filed. *See* TEX. R. APP. P. 37.2. He was also informed that the appeal

would be dismissed unless the information in the appeal was amended, on or before January 15, 2015, to show the jurisdiction of this court. *See* TEX. R. APP. P. 44.3. In response to this court's notice, Appellant cites ***Ex parte Hargett***, 819 S.W.2d 866 (Tex. Crim. App. 1991), and ***Ex parte Villanueva***, 252 S.W.3d 391 (Tex. Crim. App. 2008), as further support for his jurisdictional argument. However, these cases involve appeals from the trial court's denial of an application for writ of habeas corpus and are inapposite here. Consequently, Appellant has not shown the jurisdiction of this court.

Because Appellant has not shown that this court has jurisdiction of the appeal, we ***dismiss*** the appeal ***for want of jurisdiction***. *See* TEX. R. APP. P. 42.3(a).

Opinion delivered January 7, 2015.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JANUARY 7, 2015

### NO. 12-14-00356-CR

**JODY FORD MCCREARY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1110-10)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*