**Tony Joseph MILLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–97–00069–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Oct. 6, 1998.

Decided Oct. 7, 1998.

Discretionary Review Refused March 10, 1999.

**448**

Mary Casey Newton, Attorney at LAw, Houston, for appellant.

John B. Holmes, District Attorney of Harris County, Carmen Castillo Mitchell, Assistant District Attorney, Houston, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

Tony Miller was tried by a jury for the felony offense of aggravated assault and was found guilty. The trial court set Miller's punishment at fifteen years' confinement.

Miller's only contention on appeal is that the trial court lacked jurisdiction over him for the criminal conduct for which he was tried. The basis of Miller's contention is that the juvenile court's waiver of jurisdiction and subsequent transfer of the case to the district court was void because the charge against Miller in juvenile court alleged that he assaulted C.D., whereas the indictment in the district court alleged that Miller assaulted M.G.

Miller and several friends were walking to a grocery store when they saw a group of rival gang members. The rival gang members began exchanging words with Miller and his friends. Miller believed that one of the rival gang members was responsible for the theft of his bicycle, so he confronted the individual. The two groups became agitated, and Miller displayed his gun by "raising his shirt." The rival gang members moved across the street, where they began making gang gestures. Miller said he saw one of the members reach under his shirt to grab his gun. The complainant, M.G., testified that Miller pulled his gun and shot him. Miller said he fired the gun because he believed he was in danger.

Miller was fifteen years old at the time of the offense. The State moved for a waiver of jurisdiction of the juvenile court and a transfer of the case to district court. The petition for transfer alleged an assault against C.D. A hearing was conducted on the issue of a waiver of jurisdiction by the 314th Judicial District Court acting as the juvenile court. The court found that Miller was charged with what would be a felony if committed by an adult, and that there was probable cause to believe that Miller committed the offense. The juvenile court waived its jurisdiction and ordered that Miller be transferred to the district court. The matter was transferred to the 185th Judicial District Court. The indictment in the district court charged that Miller assaulted M.G. rather than C.D.

Miller contends that the trial court did not have jurisdiction over him regarding any allegation involving M.G. because the order transferring jurisdiction did not transfer jurisdiction over that offense. He argues that the juvenile court did not know about the offense against M.G. and that the court only waived jurisdiction regarding the alleged offense against C.D., and thus retained jurisdiction over any offense against M.G. He relies on the Court of Criminal Appeals decisions in *Richardson v. State,* 770 S.W.2d 797, 799 (Tex.Crim.App.1989), and *Ex parte Stanley,* 703 S.W.2d 686 (Tex.Crim.App.1986). In *Richardson,* there were multiple allegations of misconduct alleged against a juvenile, and a valid waiver was not made as to each of the allegations. The court held:

> [W]hen a motion or petition to waive jurisdiction alleges multiple offenses, the juvenile court must either waive or retain jurisdiction as to all offenses alleged, at one time. Absent a complete waiver, the juvenile court retains jurisdiction over all offenses alleged in the petition.

*Richardson v. State,* 770 S.W.2d at 799. In the *Stanley* case, the juvenile court judge waived jurisdiction on two of three allegations of misconduct by the juvenile. The court held that there was no valid waiver of jurisdiction by the juvenile court and that the conviction was therefore void. *Ex parte Stanley,* 703 S.W.2d at 686.

**449**

TEX.CODE CRIM. PROC. ANN. art. 4.18 (Vernon Supp.1998) governs this case. That statute provides:

> A claim that a district court or criminal district court does not have jurisdiction over a person because jurisdiction is exclusively in the juvenile court and that the juvenile court could not waive jurisdiction under Section 8.07(a), Penal Code, or did not waive jurisdiction under Section 8.07(b), Penal Code, must be made by written motion in bar of prosecution filed with the court in which criminal charges against the person are filed.

TEX.CODE CRIM. PROC. ANN. art. 4.18(a). Further, "[t]he motion must be filed and presented to the presiding judge of the court ... if the defendant's guilt or punishment is tried or determined by a jury, before selection of the jury begins." TEX.CODE CRIM. PROC. ANN. art. 4.18(b)(2). Finally, "[a] person may not contest the jurisdiction of the court on the ground that the juvenile court has exclusive jurisdiction if ... the person does not file a motion within the time requirements of this article...." TEX.CODE CRIM. PROC. ANN. art. 4.18(d)(1).

At the time of the offense here, Section 8.07 of the Penal Code prohibited, with certain exceptions, prosecution or conviction of an individual under the age of fifteen. TEX. PENAL CODE ANN. § 8.07 (Vernon Supp. 1998).[1] One exception is listed in Section 8.07(b), which provides that no person under age seventeen may be prosecuted unless the juvenile court waived jurisdiction under Section 54.02 of the Family Code. Section 54.02 of the Family Code sets out the guidelines for waivers of jurisdiction and discretionary transfers to criminal court. TEX. FAM.CODE ANN. § 54.02 (Vernon 1996). Miller does not claim that the juvenile court violated any provision of Section 54.02.

Before the adoption of Article 4.18 of the Texas Code of Criminal Procedure, all complaints regarding waiver of jurisdiction and discretionary transfer to criminal court were governed on appeal by Section 56.01 of the Texas Family Code. Prior to the 1995 amendment, Section 56.01 governed the right to appeal from orders of a juvenile court. The 1995 amendment to Section 56.01(c) removed all right to appeal from a Section 54.02 ruling.[2] Accordingly, Article 4.18 of the Texas Code of Criminal Procedure now governs claims that a trial court does not have jurisdiction over a person because jurisdiction is exclusively in the juvenile court and that the juvenile court did not waive jurisdiction.

The authorities relied on by Miller were decided prior to the enactment of Article 4.18. We conclude that, because Miller failed to comply with the requirements of Article 4.18, he failed to preserve any complaint for appeal.

For the reasons stated, the judgment is affirmed.

---

1. The age has now been lowered to fourteen for certain felonies. *See* TEX PENAL CODE ANN. § 8.07(a)(6) (Vernon Supp.1998).

2. Act of May. 27, 1995, 74th Leg., ch. 262, § 48, 1995 Tex. Gen. Laws 2546.