TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00043-CR






William Travis Light, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 97-674-K277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING








 Appellant William Travis Light was certified by the juvenile court to stand trial as
an adult. After the return of the indictment, appellant entered a plea of guilty before the jury to
the indictment containing three counts of aggravated sexual assault of a child (1) and one count of
indecency with a child. (2) In the unitary trial where punishment was the only issue, (3) the jury
assessed appellant's punishment at 10 years' imprisonment on each of the aggravated sexual assault
of a child counts and 8 years' imprisonment on the indecency with a child count.


Points of Error


 Appellant advances four points of error all related to the juvenile court's order
waiving jurisdiction and transferring appellant to a district court to stand trial as an adult. In his
first and fourth points of error, appellant claims that the juvenile court never obtained jurisdiction
to enter the certification order, and hence, the district court did not have jurisdiction to try
appellant in the absence of a valid waiver of jurisdiction by the juvenile court. These points of
error are based on the fact that appellant was not personally served with a summons and a copy
of the petition as required by the provisions of the Family Code and the case law of this state. We
will sustain these contentions, reverse the convictions, and remand the cause. As a result, we will
not reach the second and third points of error challenging the legal sufficiency of the evidence in
the certification hearing to support (1) a finding of probable cause and (2) a finding that the
welfare of the community required criminal proceedings.


Facts


 The record reflects that appellant was born on August 22, 1980, and was sixteen
years of age in June 1997 when the alleged offenses occurred. The petition requesting waiver of
jurisdiction and transfer of appellant to criminal court was filed on July 21, 1997. The petition
alleged that on June 18, 19, and 21, 1997, appellant committed the offenses of aggravated sexual
assault of a child by causing the sexual organ of a child younger than 14 years to contact his
mouth, and that on June 21, 1997, he committed the act of indecency with a child by touching the
anus or genitals of a child younger than 17 years of age. The evidence showed that the victim was
appellant's half-sister who was 10 years old at the time.

 The record reflects that appellant was not served personally with a summons or a
copy of the petition. The summons directed to appellant was served upon appellant's father by
an investigator for the county attorney's office.

 The certification hearing was conducted on August 8, 1997, in the 338th District
Court, sitting as a juvenile court. Appellant appeared with his father and his attorney. At the
commencement of the proceedings the juvenile court inquired of appellant if he had been "served
with notice of this summons two entire days before today?" Appellant answered in the
affirmative. The order waiving jurisdiction stated: "The Court finds that all those entitled to
service of summons were properly served with summons in compliance with 53.07, Texas Family
Code, and that this Court has jurisdiction to proceed." The record reflects only one attempted
service of summons on appellant.

 The record further reflects that appellant's natural parents were divorced. At the
age of two he began to live with his maternal grandparents. Later, he began living with his natural
father and the father's second wife, the mother of the victim. In 1995 appellant was placed on
juvenile probation for one year as a result of a sexual act committed on the same complainant, his
then eight-year-old half-sister. Appellant was placed in the home of his paternal grandparents. 
Appellant's father and his step-mother divorced. After appellant successfully completed his
juvenile probation, and during the summer of 1997, appellant again had contact with his half-sister. This is when the offenses occurred. Appellant suffers from an attention deficit
hyperactivity disorder and had been given Ritalin, a medication, for his disorder.

 Dave Murray, a juvenile probation officer, recommended to the juvenile court at
the hearing that the 16 year old appellant be left within the juvenile justice system. It was noted
that appellant had no other criminal record save the offenses against a family member. The
prosecutor stated to the court that he did not want appellant to go to prison, but felt that appellant
needed adult probation. The juvenile court certified appellant to stand trial as an adult. 

 After indictment, appellant pleaded guilty before a jury to the felony offenses. He
sought probation from the jury because the trial judge could not grant probation as a result of the
nature of the offenses. See Tex. Code Crim. Proc. Ann. art. 42.12, §§ 3g(a)(1)(C), (E) (West
Supp. 1999). The jury is under no such prohibition in considering probation. See Tex. Code
Crim. Proc. Ann. art. 42.12, § 4 (West Supp. 1999). The jury during its deliberations asked
questions about treatment and who "mandated" any condition of probation. The trial court
declined to answer the questions. The jury then assessed the three 10-year prison terms and the
one 8-year prison term.


Article 44.47 of the Texas Code of Criminal Procedure


 Prior to its 1995 amendment, (4) section 56.01(c)(1)(A) of the Family Code governed
the right of appeal from an order of the juvenile court waiving jurisdiction and transferring the
juvenile to district court to stand trial as an adult. See Act of May 23, 1991, 72d Leg., R.S., ch.
680, § 1, 1991 Tex. Gen. Laws 2466. Any appeal of the transfer order was to be taken to a court
of appeals with a possible review by the supreme court. See id. If there was no appeal or if the
juvenile court order was affirmed in the civil appellate process, the case proceeded to the district
court to be handled as a criminal case. If there was a criminal conviction, an appeal would be
permitted as in other criminal cases. The failure to appeal a transfer order to a civil appellate
court would not waive a jurisdictional defect in the transfer process. The issue could be raised for
the first time on appeal from a criminal conviction after the transfer. See Johnson v. State, 594
S.W.2d 83, 86 (Tex. Crim. App. 1980), overruled on other grounds, Hardesty v. State, 659
S.W.2d 823, 825 (Tex. Crim. App. 1985); Johnson v. State, 551 S.W.2d 379, 380 (Tex. Crim.
App. 1977).

 Presently under article 44.47, a defendant may still appeal a juvenile court order
waiving jurisdiction and transferring him to a district court for trial as an adult, but the appeal may
be taken only in conjunction with an appeal of a conviction of the offense for which the defendant
was transferred to a criminal court. See Tex. Code Crim. Proc. Ann. art. 44.47(a), (b) (West
Supp. 1999) (Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 85, 1995 Tex. Gen. Laws 2517,
2584, effective January 1, 1996). The appeal is a criminal matter governed by the Code of
Criminal Procedure and the Texas Rules of Appellate Procedure that apply to a criminal case. See
Tex. Code Crim. Proc. Ann. art. 44.47(c) (West Supp. 1999). "Any appeal under this article may
include claims under the laws that existed before January 1, 1996, that could have been raised on
direct appeal of a transfer under section 54.02, Family Code." Tex. Code Crim. Proc. Ann. art.
44.47(d) (West Supp. 1999); see generally In the Matter of D. D., 938 S.W.2d 172, 173-74 (Tex.
App.--Fort Worth 1996, no pet.).

 Article 44.47 is clearly applicable to the instant case where the conduct involved
occurred in June 1997. See Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 106(a), 1995 Tex.
Gen. Laws 2517, 2591 (providing the revision applies "only to conduct that occurs on or after
January 1, 1996"). See also D. D., 938 S.W.2d at 174.


Article 54.02 of Texas Family Code


 "The Texas juvenile justice system is a creature of statute. Therefore, juvenile
rights not protected by the Texas or United States Constitutions exist only to the extent that they
have been created by the legislature." In the Matter of S.L.S., 906 S.W.2d 190, 192 (Tex.
App.--Austin 1995, no writ).

 Section 54.02 of the Texas Family Code provides the procedure for the waiver of 
jurisdiction by the juvenile court and the discretionary transfer to a district court for trial as an
adult. Tex. Fam. Code Ann. § 54.02 (West 1996). Subsection (b) of section 54.02 provides:
"The petition and notice requirements of Sections 53.04, 53.05, 53.06, and 53.07 of this code
must be satisfied, and the summons must state that hearing is for the purpose of considering
discretionary transfer to a criminal court." Tex. Fam. Code Ann. § 54.02(b) (West 1996). Thus,
the petition and notice requirement of Chapter 53 dealing with juvenile delinquency proceedings
are applicable to the certification hearings.


 Sections 53.04 and 53.05 pertain to the petition, answer, and time set for a hearing. 
See Tex. Fam. Code Ann. §§ 53.04, .05 (West 1996). Section 53.06 of the Code provides that
the juvenile court shall direct issuance of a summons to the child named in the petition, the child's
parent, guardian, guardian ad litem, custodian, or on any other person who appears to be a
necessary party to the proceeding. A copy of the petition must accompany the summons which
requires the person to appear at the time set to answer the allegations of the petition. Tex. Fam.
Code Ann. § 53.06(a)(b) (West 1996). Section 53.06(e) expressly provides "a party, other than
the child, may waive service of summons by written stipulation or by voluntary appearance at the
hearing." Tex. Fam. Code Ann. § 53.06(e) (West 1996) (emphasis added).

 Section 53.07(a) of the Code provides that if a person who is to be served with a
summons is in the state and can be found he shall be served personally at least two days before
the hearing. Tex. Fam. Code Ann. § 53.07(a) (West 1996). Subsection (b) provides:


The juvenile court has jurisdiction of the case if after a reasonable effort a person 
other than the child cannot be found nor his post office address ascertained, whether
he is in or outside of this state.



Id. § 53.07(b) (emphasis added).


Compliance


 Compliance with section 54.02(b) is mandatory. See Polanco v. State, 914 S.W.2d
269, 270 (Tex. App.--Beaumont 1996, pet. ref'd). Thus, sections 53.04 through 53.07 must be
satisfied in proceedings to certify a youthful offender for criminal prosecution as an adult. See
McBride v. State, 655 S.W.2d 280, 283 (Tex. App.--Houston [14th Dist.] 1983, no pet.). The
statutory requirements are "nothing more than a codification of the long-standing requirement for
personal service upon minors." See In re M.W., 523 S.W.2d 513, 515 (Tex. Civ. App.--El Paso
1975, no writ). (5) The "other than the child" language in section 53.06(e) reflects the common law
rule that a minor is without legal capacity under the law to waive service of summons. In re
D.W.M., 562 S.W.2d 851, 853 (Tex. 1978). Thus, a juvenile cannot waive the service of process 
in a discretionary transfer proceeding. See In the Matter of H.R.A., 790 S.W.2d 102, 107-08
(Tex. App.--Beaumont 1990, no writ). Nor can anyone waive it for him. D.W.M., 562 S.W.2d
at 853.

 The personal service of process on the juvenile must affirmatively appear of record. 
Id. In the absence of a citation served on the juvenile, the juvenile court does not acquire
jurisdiction to consider discretionary transfer. See McBride, 655 S.W.2d at 283; Watson v. State,
587 S.W.2d 161, 162 (Tex. Crim. App. 1979).

 Both the Supreme Court of Texas and the Court of Criminal Appeals have
consistently held that the jurisdiction of the juvenile court is lacking where the record discloses
that the juvenile has not been personally served with a summons to a certification hearing. See
D.W.M., 562 S.W.2d at 852; In re W.L.C., 562 S.W.2d 454, 455 (Tex. 1978); Grayless v. State,
567 S.W.2d 216, 218 (Tex. Crim. App. 1978); Johnson, 551 S.W.2d at 381. The juvenile's
appearance at the hearing and the failure to object to the lack of a proper summons does not
constitute a waiver. Grayless, 567 S.W.2d at 219-20; DeLeon v. State, 728 S.W.2d 935, 939
(Tex. App.--Amarillo 1987, no pet.). The same is true even if an answer is filed by an attorney
for the juvenile. See M.W., 523 S.W.2d at 515. Moreover, the fact that the juvenile appeared
at the hearing with his attorney and his mother and "no harm" was alleged or shown is of no
consequence. See H.R.A., 790 S.W.2d at 107. Any transfer order without valid service is a
nullity. Polanco, 914 S.W.2d at 270. The juvenile court never acquired jurisdiction over
appellant in this case. The State would have it another way and presents argument.


State's Argument


 The State does not challenge the legion of cases holding that the juvenile court is
without jurisdiction in the absence of personal service upon the juvenile. The State divides its
answer to points of error one and four into three parts:  (1) failure to preserve error, (2) proper
personal service, and (3) harmless error.


Failure to Preserve


 The district attorney separates his failure to preserve error argument into three
claims:  first, appellant failed to follow the statutory requirement for raising a jurisdiction issue; 
second, appellant failed to follow the appellate rules of procedure; and third, appellant waived any
error by pleading guilty in district court.


Article 4.18 of the Texas Code of Criminal Procedure


 The State takes the position that appellant was statutorily required to raise in the
district court by written motion the issue of that court's jurisdiction over him, and that failure to
do so waived the claim now advanced. See Tex. Code Crim. Proc. Ann. art. 4.18 (West Supp.
1999). 

 Article 4.18(a) provides:


(a) A claim that a district court or criminal district court does not have jurisdiction
over a person because jurisdiction is exclusively in the juvenile court and that the
juvenile court could not waive jurisdiction under Section 8.07(a), Penal Code, or
did not waive jurisdiction under Section 8.07(b), Penal Code, must be made by
written motion in bar of prosecution filed with the court in which criminal charges
against the person are filed. (6)

 A careful reading shows that article 4.18 is expressly limited to situations where
the juvenile court could not waive jurisdiction under section 8.07(a) of the Penal Code or did not
waive jurisdiction under section 8.07(b) of the Penal Code, regarding age affecting criminal
responsibility. See Tex. Penal Code Ann. § 8.07 (West Supp. 1999).

 At the time of the instant offenses, section 8.07(a) prohibited, with certain
exceptions, prosecution or conviction of an individual under the age of fifteen. Section 8.07(b) 
in effect at the time provided that no person under the age of seventeen may be prosecuted unless
the juvenile court waived jurisdiction under section 54.02 of the Family Code and its guidelines. 
See Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 77, 1995 Tex. Gen. Laws 2517, 2581,
effective January 1, 1996. (7)

 It is obvious that article 4.18 was added to the Code of Criminal Procedure to
overcome the holding in Bannister v. State, 552 S.W.2d 124 (Tex. Crim. App. 1977), which read
1974 Penal Code provisions in light of the juvenile court's jurisdiction under the Family Code. 
See Robert O. Dawson, Texas Juvenile Law: An Analysis of Juvenile Statutory and Case Law For
Texas Juvenile Justice Officials, Ch. 3, pp. 25-27 (4th Ed. 1996); 343 George E. Dix and Robert
O. Dawson, Criminal Practice and Procedure, § 45.91 at 489-90 (Texas Practice 1995). In
Bannister, the defendant "played the game of 'courts' and won." Bannister, 552 S.W.2d at 125. 
Using a false name, and leading her attorney and the trial court to believe she was 19 years old
or older, the defendant pleaded guilty to the burglary of a habitation and received probation. At
the time of revocation of probation, Bannister proved that she was 15 years old at the time of the
guilty plea and now 18 years old. Upon review, it was held that neither the juvenile court nor the
district court had jurisdiction over her in view of the Family Code provisions and section 8.07 of
the 1974 Penal Code. Id. at 130; see also Ex parte Pierce, 621 S.W.2d 634 (Tex. Crim. App.
1981); Ex parte McCullough, 598 S.W.2d 272 (Tex. Crim. App. 1982); Robert O. Dawson,
Responding to Misrepresentations, Nondisclosures and Incorrect Assumptions about the Age of
Accused: The Jurisdictional Boundary Between Juvenile and Criminal Courts in Texas, 18 St.
Mary's Law Journal 1117-1164 (1978) (discussing the Bannister opinion and related cases).

 Jurisdiction, being a fundamental stricture on the power of the court, cannot be
conferred by agreement, consent, or waiver, where none exists. See Lemley v. State, 932 S.W.2d
284, 286 (Tex. App.--Austin 1996, no writ); Gonzalez v. Sanchez, 929 S.W.2d 218, 221 (Tex. 
App.--El Paso 1996, no writ); Howell v. Mauzy, 899 S.W.2d 696, 699 (Tex. App.--Austin 1994,
writ denied). If it can be said that a defendant waives a jurisdictional claim when he does not
timely follow a statutory procedure, article 4.18 does not provide an all-inclusive procedure but
is limited by its very terms to situations involving age.

 Article 4.18 is not applicable to situations where, as here, the juvenile court has not
acquired jurisdiction because of a defect in the service of the summons and petition upon the
juvenile which in turn deprives the district court of jurisdiction.

 Although not cited by the State, we are aware of Miller v. State, 981 S.W.2d 447
(Tex. App.--Texarkana 1998, pet. ref'd). In Miller, the juvenile defendant was indicted and tried
for an offense different or other than the offense involved in the certification order of the juvenile
court. Id. at 448. The appellate court held that article 4.18 "now governs claims that the trial
court does not have jurisdiction over a person because jurisdiction is exclusively in the juvenile
court and that the juvenile court did not waive jurisdiction." Id. at 449. The Miller court affirmed
the conviction because the defendant failed to file his article 4.18 motion. Id. The reviewing
court overlooked the limited application of article 4.18. Moreover, the court did not take into
consideration the provisions of article 44.47(b) of the Code of Criminal Procedure or section
8.07(b) of the Penal Code with regard to the uncertified offense. We decline to follow Miller. (8) 
The State's reliance upon article 4.18 is misplaced.

 Next, the State argues that appellant failed to preserve error in the absence of a
timely specific objection and a ruling by the trial court. See Tex. R. App. P. 33.1(a). The State
does not make clear whether the objection should have been lodged in juvenile or district court. 
It does argue that the error in failing to deliver the summons personally was procedural in nature,
not jurisdictional, and that a timely objection was essential.

 To support its claim of nonjurisdictional error, the State cites Davis v. State, 956
S.W.2d 555 (Tex. Crim. App. 1997). On appeal Davis, challenged the order revoking probation
previously granted for the offense of possession of a controlled substance. He claimed that the
order of the magistrate [working in the district court system] accepting his plea of guilty and
placing him on probation was void as jurisdiction was lacking. This claim was based on the fact
that the district court's order referring the case to the magistrate was signed two days after the plea
and was untimely. The court of appeals agreed and reversed the conviction. See Davis v. State,
928 S.W.2d 289, 291 (Tex. App.--Houston [14th Dist.] 1991). The Court of Criminal Appeals
reversed and affirmed the trial court. It stated:


The error in this case concerned the process by which the district court judge
referred this case to its surrogate, whose acts were adopted by the trial court. 
Therefore, jurisdiction was not affected and the order placing appellant on
probation was not void even though a procedural irregularity arose due to the
untimeliness of the referral order. This is not to say that the case was properly
transferred only that the error was not jurisdictional and the conviction is not void.



Davis, 956 S.W.2d at 560.

 A judgment is void only if the court rendering the judgment has no jurisdiction over
the subject matter, no personal jurisdiction over a party, no jurisdiction to enter the particular
judgment, or no capacity to act as a court. See Adams v. State, 827 S.W.2d 31, 33 (Tex.
App.--Dallas 1992, no pet.). In Davis, the district court had all the necessary elements of
jurisdiction. The only error was the belated referral to the magistrate acting as a surrogate. Davis
is distinguishable from the instant case.

 The State also cites Fontenot v. State, 932 S.W.2d 185, 190 (Tex. App.--Fort
Worth 1996, no pet.), for the proposition that if the court has jurisdiction of the parties and subject
matter, its actions are not void no matter how erroneous they may be. The broad statement in
Fontenot is questionable as it does not consider all the elements of jurisdiction. Moreover, in
Fontenot, the court had personal jurisdiction of the defendant which distinguishes it from the
instant case.

 Third, the State argues that when appellant pleaded guilty before the jury in district
court, he waived all nonjurisdictional defects. See Jacks v. State, 871 S.W.2d 741 (Tex. Crim.
App. 1994). The case law clearly holds the error here was jurisdictional, thus Jacks is
inapplicable.

 We reject the State's argument that appellant somehow failed to preserve error. A
lack of jurisdiction may be questioned at any stage of the proceedings, even on appeal. See
Methodist Hospitals of Dallas v. Texas Workers' Compensation Comm'n, 874 S.W.2d 144, 149
(Tex. App.--Austin 1994, no writ); Lopez v. State, 756 S.W.2d 49, 51 (Tex. App.--Houston [1st
Dist.] 1988, pet. ref'd). This is true in both civil and criminal matters. See Ex parte Rogers, 820
S.W.2d 35, 37 (Tex. App.--Corpus Christi 1991, no pet.).


Proper Personal Jurisdiction


 The State further contends that the service of the summons and petition on appellant
was proper. It relies upon appellant's affirmative answer to the juvenile court's inquiry about
service and the finding in the juvenile court's order that "all" persons had been properly
summoned in compliance with section 53.07 of the Family Code. The State urges the presumption
of regularity normally given to the judgments and orders of the trial court. See Breazeale v. State,
683 S.W.2d 446, 450-51 (Tex. Crim. App. 1985) (op. on reh'g).

 "Texas appellate courts have refused to apply a 'presumption of regularity' to
discretionary transfer proceedings." 29 Thomas S. Morgan, Juvenile Law and Practice § 422,
at 111-12 (Texas Practice 1985). See also White v. State, 576 S.W.2d 843, 845 (Tex. Crim. App.
1979); Whytus v. State, 624 S.W.2d 290, 291 (Tex. App.--Dallas 1981, no pet.); L. M. v. State,
618 S.W.2d 808, 811 (Tex. App.--Houston [1st Dist.] 1981, writ ref'd n.r.e.). The governing
statutes in certification or discretionary transfer proceedings are mandatory to which there has
been a strict adherence. See In re J.R.C. 522 S.W.2d 579, 584 (Tex. Civ. App.--Texarkana
1975, writ ref'd n.r.e.).

 The State admits that there is evidence in the record contrary to the juvenile court's
order. It makes no claim that there was a second or independent service of summons on appellant. 
The cases discussed earlier make clear that a juvenile cannot legally waive the personal service
of the summons in a certification hearing. Nevertheless, the State argues that under the
circumstances, appellant, in effect, waived such service. It observed, however, that under Title
3 of the Juvenile Justice Code of Chapter 51 of the Family Code, any right granted to a child
under the title or by the constitution and laws of this state or the United States may be waived only
if the waiver is made by the child and his attorney after being duly warned of the right and the
consequences of waiving it, is voluntary, and is made in writing or in a recorded court proceeding. 
See Tex. Fam. Code Ann. § 51.09(a) (West 1996). No such waiver appears in the instant record.


Harmless Error


 Lastly, the State urges that the nonconstitutional error was harmless. See Tex. R.
App. P. 44.2(b). The rule provides: "[A]ny other [than constitutional] error, defect, irregularity,
or variance that does not affect substantial rights must be disregarded." "A substantial right is
affected when the error had a substantial and injurious effect or influence in determining the jury's
verdict." King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing Kotteakos v. United
States, 328 U.S. 750, 776 (1946)).

 The State relies upon Cain v. State, 947 S.W.2d 262 (Tex. Crim. App. 1997), in
its interpretation of former Rule 81(b)(2), the forerunner of Rule 44.2(b). In Cain, the court
wrote: "Except for certain federal constitutional errors labeled by the United States Supreme
Court as 'structural,' no error, whether it relates to jurisdiction, voluntariness of a plea, or any
other mandatory requirement, is categorically immune to a harmless error analysis." Id. at 264. 
But the court later added:  "Hence, it may be true that some kinds of errors (particularly
jurisdictional ones) will never be harmless under the Rule 81(b)(2) test and that some other kinds
of error will rarely be harmless." Id.

 The Cain court asserted that jurisdictional error is not immune from harmless error
analysis, but immediately softened the boldness of its earlier statement by recognizing that some
jurisdictional error will never be harmless. 

 Rule 81(b)(2) has been superseded by Rule 44.2 which has divided the harmless
error analysis into one for constitutional error and one for nonconstitutional error. We need not
determine, however, whether the instant jurisdictional error is subject to a harmless error analysis. 
Section 22.108(a) of the Texas Government Code provides:


(a)  The court of criminal appeals is granted rulemaking power to promulgate rules
of posttrial, appellate, and review procedure in criminal cases except that its rules
may not abridge, enlarge, or modify the substantial rights of a litigant. 



Tex. Gov't Code Ann. § 22.108(a) (West 1988) (emphasis added); State v. Hardy, 963 S.W.2d
516 (Tex. Crim. App. 1997).

 In determining the meaning of a statute, the starting point is the language of the
statute itself. When the language of the statute is unambiguous, we must give effect to the plain
meaning of the words unless doing so would lead to absurd results. See Boykin v. State, 818
S.W.2d 782, 785-86 n.4 (Tex. Crim. App. 1991). Section 22.108(a) is unambiguous and must
be given its plain meaning. Rule 44.2(b) adopted by the Court of Criminal Appeals cannot abridge
or modify the substantial rights of appellant afforded him by the mandatory Family Code statutes
as consistently interpreted by the two high courts of this state. We reject all of the State's
arguments.

 Non-compliance with section 54.02 of the Texas Family Code deprived the juvenile
court of jurisdiction; thus, the district court never acquired jurisdiction. "If a jurisdictional defect
renders a step void, then there is no jurisdiction to proceed with the next step." Watson, 587
S.W.2d at 163. Appellant's first and fourth points of error are sustained.

 The judgment is vacated and the cause remanded to the juvenile court for action not
inconsistent with this opinion. (9)



 

 John F. Onion, Jr., Justice

Before Justices Jones, Patterson and Onion*

Vacated and Remanded

Filed: April 15, 1999

Publish















* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. See Act of May 28, 1995, 74th Leg., R.S., ch. 318, § 7, 1995 Tex. Gen. Laws 2734, 2737. 
Tex. Penal Code Ann. § 22.021(a)(2)(B) (West Supp. 1999), the current code provision, became
effective September 1, 1997, after the commission of the instant offense. There was, however,
no basic change in the law.
2. See Tex. Penal Code Ann. § 21.11(a)(1) (West 1994).
3. A plea of guilty to a felony charge or offense before a jury admits the existence of all facts
necessary to establish guilt, and the introduction of evidence is to enable the jury to intelligently
exercise the discretion invested in the jurors by law in assessing punishment. See Carroll v. State,
975 S.W.2d 630, 631-32 (Tex. Crim. App. 1998); Darden v. State, 430 S.W.2d 494, 495 (Tex.
Crim. App. 1968). The proceeding is a unitary trial, not a bifurcated one. See Tex. Code Crim.
Proc. Ann. art. 27.13 (West 1989); Frame v. State, 615 S.W.2d 766, 767 n.1 (Tex. Crim. App.
1981) (citing Basaldua v. State, 481 S.W.2d 851, 853 (Tex. Crim. App. 1972) (op. on reh'g)).
4. See Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 48, 1995 Tex. Gen. Laws 2517,
2546.
5. M.W. cited, inter alia, Wheeler v. Ahrenbeak, 54 Tex. 535 (Tex. 1881) (holding right of
service could not be waived by minor even though "no injustice in fact was done by failure to
serve the minor defendants personally with process") and Wright v. Jones, 52 S.W.2d 247 (Tex.
Comm'n App. 1932, holding approved) (noting that a person non sui juris, such as a minor,
cannot appear and thereby confer jurisdiction of court over him). M.W., 523 S.W.2d at 514.
6. The balance of the statute deals principally with procedure:


(b)  The motion must be filed and presented to the presiding judge of the court:


 (1)  if the defendant enters a plea of guilty or no contest, before the plea;

 (2)  if the defendant's guilt or punishment is tried or determined by a jury,
before selection of the jury begins; or

 (3)  if the defendant's guilt is tried by the court, before the first witness is
sworn.


(c)  Unless the motion is not contested, the presiding judge shall promptly conduct
a hearing without a jury and rule on the motion. The party making the motion has
the burden of establishing by a preponderance of the evidence those facts necessary
for the motion to prevail.


(d)  A person may not contest the jurisdiction of the court on the ground that the
juvenile court has exclusive jurisdiction if:


 (1)  the person does not file a motion within the time requirements of this
article; or

 (2)  the presiding judge finds under Subsection (c) that a motion made under
this article does not prevail.


(e)  An appellate court may review a trial court's determination under this article,
if otherwise authorized by law, only after conviction in the trial court.


(f)  A court that finds that it lacks jurisdiction over a case because exclusive
jurisdiction is in the juvenile court shall transfer the case to the juvenile court as
provided by Section 51.08, Family Code.


Tex. Code Crim. Proc. Ann. art. 4.18(b)-(f) (West Supp. 1999).
7. The current law is basically the same. See Tex. Penal Code Ann. § 8.07 (West Supp. 1999).
8. The petition for discretionary review in Miller v. State, No. 0034-99 (Tex. Crim. App.), did
not clearly raise or even brief the issue of the limited application of article 4.18, or mention the
language of article 44.47(b) relating to a conviction of the "offense for which the defendant was
transferred to criminal court." Tex. Code Crim. Proc. Ann. art. 44.47(b) (West Supp. 1999). 
The petition was refused March 10, 1999.
9. The juvenile court retains the power to transfer a child to criminal court for prosecution as
an adult until the transfer decision has been finally decided even though the child may become 18
years of age during the proceedings. See Tex. Fam. Code Ann. §§ 51.041, 54.02 (West 1996);
R.E.M. v. State, 569 S.W.2d 613, 615 (Tex. Civ. App.--Waco 1981, writ ref'd n.r.e.).



. State, 430 S.W.2d 494, 495 (Tex.
Crim. App. 1968). The proceeding is a unitary trial, not a bifurcated one. See Tex. Code Crim.
Proc. Ann. art. 27.13 (West 1989); Frame v. State, 615 S.W.2d 766, 767 n.1 (Tex. Crim. App.
1981) (citing Basaldua v. State, 481 S.W.2d 851, 853 (Tex. Crim. App. 1972) (op. on reh'g)).
4. See Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 48, 1995 Tex. Gen. Laws 2517,
2546.
5. M.W. cited, inter alia, Wheeler v. Ahrenbeak, 54 Tex. 535 (Tex. 1881) (holding right of
service could not be waived by minor even though "no injustice in fact was done by failure to
serve the minor defendants personally with process") and Wright v. Jones, 52 S.W.2d 247 (Tex.
Comm'n App. 1932, holding approved) (noting that a person non sui juris, such as a minor,
cannot appear and thereby confer jurisdiction of court over him). M.W., 523 S.W.2d at 514.
6. The balance of the statute deals principally with procedure:


(b)  The motion must be filed and presented to the presiding judge of the court:


 (1)  if the defendant enters a plea of guilty or no contest, before the plea;

 (2)  if the defendant's guilt or punishment is tried or determined by a jury,
before selection of the jury begins; or

 (3)  if the defendant's guilt is tried by the court, before the first witness is
sworn.


(c)  Unless the motion is not contested, the presiding judge shall promptly