**Larkay Devonish SMALL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–98–01152–CR to 01–98–01155–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 15, 2000.

Ricardo N. Gonzalez, Houston, for Appellant.

John B. Holmes, Dist. Atty., Barbara A. Drumheller, Asst. Dist. Atty., Houston, for State.

Panel consists of Chief Justice SCHNEIDER, and Justices HEDGES and NUCHIA.

## OPINION

SAM NUCHIA, Justice.

Appellant, a juvenile, was certified for trial as an adult. Appellant was charged with escape, possession with intent to deliver cocaine, and two charges of aggravated robbery with a deadly weapon. Appellant pled guilty to the charges without an agreed recommendation. The judge sentenced appellant to five years confinement for the escape case, five years confinement on the possession case, and 35 years confinement on the aggravated robberies to run concurrently. We affirm.

## BACKGROUND

Appellant, a 16–year–old, threw down a small bag containing three grams of crack cocaine in the presence of a Houston Police Officer, and then fled after being arrested and handcuffed. The authorities charged him, as a juvenile, with escape and possession of a controlled substance. Appellant was also later charged, as a juvenile, with two aggravated robberies with a deadly weapon that occurred before the possession and escape crimes.

On August 13, 1997, Arthur C. Washington was appointed to represent appellant in all four juvenile cases. On September 30, 1997, Washington, then acting as an Associate Judge, signed appellant's detention order. At that hearing, the record shows that Dan McCarins represented appellant.

The juvenile court waived its jurisdiction in each case and certified appellant to the

adult criminal courts. Four days later, the district court appointed Rudy Duarte to represent appellant in all four cases.

## ANALYSIS

### Ineffective Assistance of Counsel at the Adult Criminal Proceedings

In points of error one, three and four, appellant argues his counsel at the adult criminal case was ineffective for not appealing the juvenile court's certification order based on ineffective assistance of counsel at the juvenile proceedings. The State argues counsel was not ineffective for failing to appeal appellant's certification order because appellant was not entitled to appeal the certification order. We agree.

In the present case, the judge certified appellant to be transferred to the district court under Section 54.02 of the Texas Family Code, which provides that a juvenile court may waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court. TEX. FAM.CODE ANN. § 54.02 (Vernon's 1996). The Family Code no longer permits juvenile defendants to appeal from the certification proceedings prior to being finally convicted as an adult. TEX. FAM.CODE ANN. § 56.01(c) (Vernon Supp.2000); *Miller v. State,* 981 S.W.2d 447, 449 (Tex.App.—Texarkana 1998, pet. ref'd) (holding the 1995 amendment to section 56.01(c) removed all rights to appeal from a Section 54.02 ruling); *In the Matter of D.D.,* 938 S.W.2d 172, 173–74 (Tex. App.—Fort Worth 1996, no writ) (holding the revised section 56.01(c) applies to conduct that occurred after January 1, 1996). The previous statute read:

(c) An appeal may be taken:

(1) by or on behalf of a child from an order entered under:

(A) Section 54.02 of this code respecting transfer of the child to criminal court for prosecution as an adult.

*See* Act of May 23, 1991, 72nd Leg., R.S., ch. 680, § 1, 1991 Tex. Gen. Laws 2466, *amended by* Act of May 27, 1995, 74th Leg., R.S., ch. 262, §§ 48, 106(b), 1995 Tex. Gen. Laws 2517, 2546, 2591.

Under the 1995 amendment to section 56.01(c), appeals may be taken from juvenile court orders entered under:

(A) Section 54.03 with regard to delinquent conduct or conduct indicating a need for supervision;

(B) Section 54.04 disposing of the case;

(C) Section 54.05 respecting modification of a previous juvenile court disposition; or

(D) Chapter 55 by a juvenile court committing a child to a facility for the mentally ill or mentally retarded.

TEX. FAM.CODE ANN. § 56.01(c) (Vernon Supp.2000). Because section 56.01(c) no longer includes appeals from section 54.02 transfers from juvenile court to district court, counsel was not ineffective for failing to appeal appellant's certification order. When we stated in *Melendez v. State* that a juvenile was required to appeal a transfer order itself to the court of appeals, we failed to take into account the amendment in section 56.01(c). *Melendez v. State,* 4 S.W.3d 437, 440 (Tex.App.— Houston [1st Dist.] 1999, no pet.) To the extent this opinion conflicts with our statement of law concerning juvenile transfer orders in *Melendez,* we overrule *Melendez. See Melendez,* 4 S.W.3d at 440 (stating a defendant was required to appeal a transfer order itself to the court of appeals, and an appellant could raise only jurisdictional errors in the transfer process for the first time on appeal from a conviction after the transfer).[1]

We overrule appellant's first, third, and fourth points of error.

A unanimous court voted to grant the panel's request for en banc consideration of points of error one, three, and four and agree with the panel's opinion on those points.

1. We note this statement of law does not affect the ultimate holding in *Melendez.*

Accordingly, we affirm the judgment.

The discussion of the remaining points of error does not meet the criteria for publication, TEX.R.APP. P. 47, and is thus ordered not published.