Affirmed and Opinion filed December 9, 2004









Affirmed and Opinion filed December 9, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01255-CR

 

______________________

 

ANTOINE ADAMS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 351st
District Court

Harris County, Texas

Trial Court Cause No. 939,144

 



 

O P I N I O N

 A
juvenile court certified appellant Antoine Adams, a fourteen-year-old juvenile,
to stand trial as an adult for the offense of murder.  The juvenile court transferred the case to
district court where appellant was indicted for the offense of aggravated assault.   See Tex.
Pen. Code Ann. ' 22.02 (Vernon 2003).  Appellant pled guilty to aggravated assault
and was subsequently sentenced to twenty (20) years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  In three points of error, appellant
challenges the district court=s jurisdiction to
decide his case.  We affirm.








The record reflects that on June 1, 2002,
the day before appellant=s fifteenth birthday, he and several other
individuals attacked and killed the complainant using their fists and a number
of weapons including a hammer, a cane, and a knife.  A juvenile delinquency petition was filed in
the 313th Juvenile District Court, Cause No. 2002-06065J AMENDED,
alleging that appellant had committed homicide, a first degree felony.  The juvenile court held a certification
hearing to determine if appellant should stand trial as an adult for the
offense of murder.  The court certified
appellant as an adult, waived its jurisdiction in the juvenile proceedings, and
transferred the matter to the 351st District Court.  A grand jury indicted appellant with the
offense of aggravated assault, a lesser included offense of murder, and he pled
guilty without challenging the court=s jurisdiction.

Appellant contends on appeal that the
district court lacked jurisdiction. 
Specifically, he argues the juvenile court should have retained its
exclusive jurisdiction rather than transferring the case.  He cites Texas Family Code section 54.02 to
support this contention.  Appellant
admits that the juvenile court may waive jurisdiction under section 54.02 in
certain instances, but contends he does not fall within one of the permissive
exceptions.  Section 54.02 provides that
a juvenile court may waive its exclusive jurisdiction and transfer a case to
district court or criminal district court if the child is fourteen (14) years
of age or older and is alleged to have committed a capital or first degree
felony.  See Tex. Fam. Code Ann. ' 54.02(a)(2)(A)
(Vernon 2002).  But the child must be
fifteen (15) years of age or older for the court to waive its jurisdiction if
the child is alleged to have committed only a second or third degree
felony.  See id. '
54.02(a)(2)(B).  Appellant contends that
because he was fourteen when he committed the offense and was ultimately
indicted with only a second degree felony, the statute did not permit the
juvenile court to waive its exclusive jurisdiction.








However, appellant waived his right to
challenge the district court=s jurisdiction when
he entered a guilty plea without contesting jurisdiction as required by article
4.18 of the Texas Code of Criminal Procedure. 
Article 4.18 provides specific requirements which an underage defendant
must meet to contest a court=s jurisdiction on
the basis of age.  See Tex. Code Crim. Proc. Ann. art. 4.18
(Vernon Supp. 2004B2005). 
Specifically, the article states in pertinent part, A[a] claim that a
district court or criminal district court does not have jurisdiction over a
person because jurisdiction is exclusively in the juvenile court and that a
juvenile court could not waive jurisdiction . . . must be made by written
motion in bar of prosecution . . . .@  Id. (emphasis added).  Furthermore, Athe motion must be
filed and presented to the judge . . . 
if the defendant enters a plea of guilty or no contest, before the
plea.@ 
Id. (emphasis added).  AA person may
not contest the jurisdiction of the court on the ground the juvenile court
has exclusive jurisdiction if: (1) the person does not file a motion within the
time requirements of this article . . . .@  Id. (emphasis added).

Here, appellant never filed a motion in
bar of prosecution as required by article 4.18. 
Instead, appellant entered a plea of not guilty without making any
challenges to the district court=s
jurisdiction.  As such, he cannot contest
the court=s jurisdiction for the first time on
appeal.  See Pratt v. State, Nos.
14-99-00162-CR, 14-99-00163-CR, 2000 WL 963530, at *3 (Tex. App.CHouston [14th
Dist.] July 13, 2000) (not designated for publication) (holding that a juvenile
defendant waived any challenge of jurisdiction when he pled guilty without
contesting jurisdiction as required by article 4.18); see also Miller v.
State, 981 S.W.2d 447 (Tex. App.CTexarkana 1998,
pet. ref=d) (holding that
when a defendant fails to comply with the statutory requirements of article
4.18 of the Code of Criminal Procedure, he fails to preserve for review his
claim that the juvenile court=s waiver of
jurisdiction was void).  Appellant=s contentions are
overruled.

The judgment of the trial court is
affirmed.

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

Judgment
rendered and Opinion filed December 9, 2004.

Panel
consists of Chief Justice Hedges and Justices Hudson and Seymore.

Publish
C Tex. R. App. P. 47.2(b).