COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-087-CV
  
 
  
IN 
THE MATTER OF C.M.W.
  
  
------------
 
FROM 
THE 323RD DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
C.M.W., a juvenile, was adjudicated delinquent of intoxication manslaughter and 
placed on probation for a determinate sentence of five years.  Thereafter, 
the juvenile trial court transferred Appellant’s probation status to adult 
district court.  Appellant filed notice of appeal on March 23, 2004. The 
State contends that this court should dismiss the appeal for want of 
jurisdiction.  We will dismiss the appeal for want of jurisdiction.
        In 
1999, the Legislature added a statutory provision that allowed the transfer of 
determinate sentence probation to the appropriate district court.[2]  However, the family code does not permit juvenile 
defendants to appeal from section 54.051 transfers from juvenile court to 
district court.  Tex. Fam. Code Ann. 
§ 56.01; cf. Small v. State, 23 S.W.3d 549, 550 (Tex. 
App.—Houston [1st Dist.] 2000, pet. ref’d) (holding that section 56.01(c) 
does not authorize appeals from juvenile court’s transferring a child to 
district court for criminal proceedings under section 54.02 of the family code); 
Miller v. State, 981 S.W.2d 447, 449 (Tex. App.—Texarkana 1998, pet. 
ref’d) (holding the 1995 amendment to section 56.01(c) removed all rights to 
appeal from a section 54.02 ruling) (citing Act of May 27, 1995, 74th Leg., R.S., 
ch. 262, § 48, sec. 56.01, 1995 Tex. Gen. Laws 2546).  The Juvenile 
Justice Code provides the circumstances under which an appeal in a juvenile case 
may be taken.  See Tex. Fam. 
Code Ann. § 56.01(c) (Vernon 2002).  This case is analogous to 
prior case law, disallowing appeals when the statutory provision is not 
listed.  See Small, 23 S.W.3d at 550; Miller, 981 S.W.2d at 
449.  Because section 54.051 is not specifically listed under section 
56.01(c), the complained of order is not appealable.  Accordingly, we 
dismiss the appeal for want of jurisdiction.  See Tex. R. App. P. 42.3(a), 43.2(f).
 
 
                                                                  PER 
CURIAM

  
  
PANEL 
A: HOLMAN, J.; CAYCE, C.J.; and WALKER, J.
 
DELIVERED: 
February 17, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Act of May 27, 1999, 76th Leg., R.S., ch. 1477, § 12, sec. 54.051, 1999 Tex. 
Gen. Laws 5067, 5071 (amended 2003) (current version found at Tex. Fam. Code Ann. § 54.051 (Vernon 
Supp. 2004-05)).