C.M.W.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-087-CV

IN THE MATTER OF C.M.W.

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant C.M.W., a juvenile, was adjudicated delinquent of intoxication manslaughter and placed on probation for a determinate sentence of five years.  Thereafter, the juvenile trial court transferred Appellant’s probation status to adult district court.  Appellant filed notice of appeal on March 23, 2004.  The State contends that this court should dismiss the appeal for want of jurisdiction.  We will dismiss the appeal for want of jurisdiction.

In 1999, the Legislature added a statutory provision that allowed the transfer of determinate sentence probation to the appropriate district court.
(footnote: 2)  However, the family code does not permit juvenile defendants to appeal from section 54.051 transfers from juvenile court to district court.  
Tex. Fam. Code Ann
. § 56.01; 
cf.
 
Small v. State
, 23 S.W.3d 549, 550 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d)(holding that section 56.01(c) does not authorize appeals from juvenile court’s transferring a child to district court for criminal proceedings under section 54.02 of the family code); 
Miller v. State
, 981 S.W.2d 447, 449 (Tex. App.—Texarkana 1998, pet. ref’d) (holding the 1995 amendment to section 56.01(c) removed all rights to appeal from a section 54.02 ruling) (citing Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 48, sec. 56.01, 1995 Tex. Gen. Laws 2546).  The Juvenile Justice Code provides the circumstances under which an appeal in a juvenile case may be taken.  
See
 
Tex. Fam. Code Ann
. § 56.01(c) (Vernon 2002).  This case is analogous to prior case law, disallowing appeals when the statutory provision is not listed.  
See Small
, 23 S.W.3d at 550; 
Miller
, 981 S.W.2d at 449.  Because section 54.051 is not specifically listed under section 56.01(c), the complained of order is not appealable.  Accordingly, we dismiss the appeal for want of jurisdiction.  
See
 
Tex. R. App
. 
P
. 42.3(a), 43.2(f).

PER CURIAM

PANEL A:  HOLMAN, J.; CAYCE, C.J.; and WALKER, J.

DELIVERED:  February 17, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4. 

2:
Act of May 27, 1999, 76th Leg., R.S., ch. 1477, § 12, sec. 54.051, 1999 Tex. Gen. Laws 5067, 5071 (amended 2003) (current version found at 
Tex. Fam. Code Ann
. § 54.051 (Vernon Supp. 2004-05)).