Antoine ADAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–03–01255–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 9, 2004.

Discretionary Review Refused
April 27, 2005.

Leora Teicher Kahn, Houston, for appellant.

Donald W. Rogers, Jr., Houston, for appellee.

Panel consists of Chief Justice
HEDGES and Justices HUDSON and
SEYMORE.

## OPINION

J. HARVEY HUDSON, Justice.

A juvenile court certified appellant Antoine Adams, a fourteen-year-old juvenile, to stand trial as an adult for the offense of murder. The juvenile court transferred the case to district court where appellant was indicted for the offense of aggravated assault. *See* TEX. PEN.CODE ANN. § 22.02 (Vernon 2003). Appellant pled guilty to aggravated assault and was subsequently sentenced to twenty (20) years' confinement in the Texas Department of Criminal Justice, Institutional Division. In three points of error, appellant challenges the district court's jurisdiction to decide his case. We affirm.

The record reflects that on June 1, 2002, the day before appellant's fifteenth birthday, he and several other individuals attacked and killed the complainant using their fists and a number of weapons including a hammer, a cane, and a knife. A juvenile delinquency petition was filed in the 313th Juvenile District Court, Cause No.2002–06065J AMENDED, alleging that appellant had committed homicide, a first degree felony. The juvenile court held a certification hearing to determine if appellant should stand trial as an adult for the offense of murder. The court certified appellant as an adult, waived its jurisdiction in the juvenile proceedings, and transferred the matter to the 351st District Court. A grand jury indicted appellant with the offense of aggravated assault, a lesser included offense of murder, and he pled guilty without challenging the court's jurisdiction.

Appellant contends on appeal that the district court lacked jurisdiction. Specifically, he argues the juvenile court should have retained its exclusive jurisdiction rather than transferring the case. He cites Texas Family Code section 54.02 to

support this contention. Appellant admits that the juvenile court may waive jurisdiction under section 54.02 in certain instances, but contends he does not fall within one of the permissive exceptions. Section 54.02 provides that a juvenile court may waive its exclusive jurisdiction and transfer a case to district court or criminal district court if the child is fourteen (14) years of age or older and is alleged to have committed a capital or first degree felony. *See* TEX. FAM.CODE ANN. § 54.02(a)(2)(A) (Vernon 2002). But the child must be fifteen (15) years of age or older for the court to waive its jurisdiction if the child is alleged to have committed only a second or third degree felony. *See id.* § 54.02(a)(2)(B). Appellant contends that because he was fourteen when he committed the offense and was ultimately indicted with only a second degree felony, the statute did not permit the juvenile court to waive its exclusive jurisdiction.

However, appellant waived his right to challenge the district court's jurisdiction when he entered a guilty plea without contesting jurisdiction as required by article 4.18 of the Texas Code of Criminal Procedure. Article 4.18 provides specific requirements which an underage defendant must meet to contest a court's jurisdiction on the basis of age. *See* TEX.CODE CRIM. PROC. ANN. art. 4.18 (Vernon Supp. 2004–2005). Specifically, the article states in pertinent part, "[a] claim that a district court or criminal district court does not have jurisdiction over a person because jurisdiction is exclusively in the juvenile court and that a juvenile court could not waive jurisdiction ... *must be made by written motion in bar of prosecution* ...." *Id.* (emphasis added). Furthermore, "the motion must be filed and presented to the judge ... if the defendant enters a plea of guilty or no contest, *before the plea.*" *Id.* (emphasis added). "A person *may not* contest the jurisdiction of the court on the ground the juvenile court has exclusive jurisdiction if: (1) the person does not file a motion within the time requirements of this article...." *Id.* (emphasis added).

Here, appellant never filed a motion in bar of prosecution as required by article 4.18. Instead, appellant entered a plea of guilty without making any challenges to the district court's jurisdiction. As such, he cannot contest the court's jurisdiction for the first time on appeal. *See Pratt v. State,* Nos. 14–99–00162–CR, 14–99–00163–CR, 2000 WL 963530, at *3 (Tex. App.-Houston [14th Dist.] July 13, 2000) (not designated for publication) (holding that a juvenile defendant waived any challenge of jurisdiction when he pled guilty without contesting jurisdiction as required by article 4.18); *see also Miller v. State,* 981 S.W.2d 447 (Tex.App.-Texarkana 1998, pet. ref'd) (holding that when a defendant fails to comply with the statutory requirements of article 4.18 of the Code of Criminal Procedure, he fails to preserve for review his claim that the juvenile court's waiver of jurisdiction was void). Appellant's contentions are overruled.

The judgment of the trial court is affirmed.