Opinion issued May 10, 2007

 










In The

Court of Appeals

For the

First District of Texas

____________


NO: 01-06-00031-CR

____________


JONATHAN SILVA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from County Court at Law No. 3

Fort Bend County, Texas

Trial Court Cause No. 11963






O P I N I O N 

 After a hearing on the State's motion to transfer jurisdiction, the juvenile
court (1) waived juvenile jurisdiction and certified appellant, Jonathan Silva, to stand
trial in the adult criminal court. Subsequent to the transfer hearing, appellant gave
notice of appeal in the juvenile court. 

 The State has filed a motion to dismiss the appeal of the juvenile court's order
transfering jurisdiction to the adult criminal court for lack of jurisdiction because
appellant's notice of appeal was given prior to disposition of his case in the adult
criminal court. The circumstances under which an appeal in a juvenile case may be
taken are controlled by provisions of the Texas Family Code . See Tex. Fam. Code
Ann. § 56.01(c) (Vernon 2002).

 Appellant Silva was transfered to the district court to stand trial as an adult
under Section 54.02 of the Texas Family Code, which provides that a juvenile court
may waive its exclusive original jurisdiction and transfer a child to the appropriate
district court or criminal district court. Tex. Fam. Code Ann. § 54.02 (Vernon
2002). However, the Family Code does not permit a juvenile defendant to appeal
from certification proceedings prior to being finally convicted as an adult. Tex. Fam.
Code Ann. § 56.01 (c) (Vernon 2002); Small v. State, 23 S.W.3d 549, 550 (Tex.
App.-Houston [1st Dist.] 2000, pet. ref'd) (holding that section 56.01(c) does not
authorize appeals from juvenile court's transferring a child to district court for
criminal proceedings under section 54.02 of the family code); Miller v. State, 981
S.W.2d 447, 449 (Tex. App.-Texarkana 1998, pet. ref'd) (holding the 1995
amendment to section 56.01(c) removed all rights to appeal from a section 54.02
ruling) (citing Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 48, sec. 56.01, 1995
Tex. Gen. Laws 2546). Any challenge to a transfer order must be raised in an appeal
from the conviction in criminal court. Carlson v. State, 151 S.W.3d 643, 644 n.1
(Tex. App.-Eastland 2004, no pet.). 

 Under the preceding authorities, we do not have jurisdiction to consider an
appeal from a section 54.02 transfer order. We grant the State's motion and dismiss
the appeal for lack of jurisdiction. 

PER CURIAM

Panel consists of Justices Taft, Alcala, and Hanks.

Publish. Tex. R. App. P. 47.2(b).

 

 

 
1. Susan Lowery, Judge County Court at Law No. 3, Fort Bend County, sitting
as a juvenile court.